THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS GENDELMAN, Appellant, v. WILLIAM E. SNYDER, as Acting Warden of Clinton Prison, Dannemora, N. Y., Respondent.— Relator appeals from an order dismissing his writ of habeas corpus. He is confined in Clinton Prison, Dannemora, N. Y. He was first convicted on November 27, 1933, in Bronx county for the crime of robbery in the second degree, committed on April 3, 1932, and was sentenced to imprisonment for not less than five nor more than ten years. He had been indicted previously in New York county for the crime of robbery, charged to have been committed on February 6, 1932. On February 27, 1936, the Governor reduced his minimum sentence so that it would expire on March 20, 1936, and thereafter he could have been paroled if the Board were so advised. On June 28, 1939, it appears that the Parole Board granted him a parole " granted to start new sentence as 11/29/38." In the Court of General Sessions of County of New York, on July 28, 1938, he pleaded guilty to robbery in the third degree committed as earlier mentioned. He was then sentenced to prison for not less than seven years six months nor more than fifteen years, part of the sentence being because he was armed. (Penal Law, § 1944.) On November 18, 1938, he was again brought before the Court of General Sessions of County of New York, and the motion, apparently by the district attorney, that he be re-sentenced was granted. On November 29, 1938, he was again arraigned in the Court of General Sessions and the district attorney moved that sentence be pronounced, and the relator was sentenced to prison for a minimum of seven years six months and a maximum of fifteen years, the court stating as a part of its judgment, " this sentence is to run concurrently with the sentence imposed in the Bronx County Court on November 27, 1933." Petitioner-appellant argues that under section 1941 of the Penal Law his last sentence was illegal because, having been previously convicted of a felony, a determinate sentence should have been pronounced. This is not the fact. Section 2189 of the Penal Law provides, in part, " A person never before convicted of a crime punishable by imprisonment in a State prison, or who, though previously convicted of such a crime, is not punishable under the provisions of section nineteen hundred forty-one or nineteen hundred forty-two, * * * shall be sentenced * * * under an indeterminate sentence * * *." Section 1941 provides, in part, " A person, who, after having been once or twice convicted within this State of a felony, * * * commits any felony, within this State, is punishable upon conviction of such second or third offense, as follows." Both of relator's crimes were committed before either conviction, so that an indeterminate sentence was proper in each instance. It was within the discretion of the Court of General Sessions to determine that the two sentences run concurrently. (*People* v. *Ingber*, 248 N. Y.

302.) The November 18, 1938, sentence could not run concurrently with the November 27, 1933, sentence until the former had been pronounced. Relator is now lawfully imprisoned. The order should be affirmed. Order unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.