In the Matter of the Claim of H. Weinstein, Respondent, against Eisenberg & Weinstein, Inc., and Globe Indemnity Company, Appellants. State Industrial Board, Respondent.— Appeal by the carrier from an award to an executive officer of the insured. The award was made under the provisions of subdivision 6 of section 54 of the Workmen's Compensation Law. The policies were issued annually and each ran for one year. The first was issued by the carrier, effective April 2, 1936, to April 2, 1937. The claimant elected not to be insured. The second policy was effective from April 2, 1937, to April 2, 1938, and the third was dated on the latter date for one year. The claimant did not elect to be excluded from either of the last two policies. He was injured during the period covered by the third policy. He is entitled to compensation for his injury. (*Matter of Gassman* v. *S & A Service Corporation*, 256 App. Div. 868; affd., 281 N. Y. 706; (*Matter of Leef* v. *Dainty Kiddie Cap Co., Inc.*, 251 App. Div. 764.) Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Crapser, J., dissents and votes to reverse the award and to dismiss the claim.

The People of the State of New York ex rel. Louis Gendelman, Appellant, v. Walter B. Martin, Warden, Clinton Prison, Dannemora, N. Y., Respondent.— The appellant has earlier sought to be discharged from prison upon a ground other than now presented (259 App. Div. 939). The judgment under which appellant is now serving a sentence contemplates that he was armed at the time he committed the crime. This is denied. The record shows that proof was taken on the issue of whether or not appellant was armed. Order unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.