THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN REGAN, JR., Defendant.

Court of General Sessions of County of New York, January 19, 1942.

*John J. Bennett, Jr., Attorney-General* [*Bernard L. Alderman* of counsel], for the plaintiff.

*Gustave A. Lowenberg*, for the defendant.

FRESCHI, J. The record in this case shows that John Regan, impleaded with Frank Mitchell, was indicted on July 25, 1933, for first degree murder for the killing of one Louis Prince on July 14, 1933. Mitchell was convicted and executed. Regan escaped and while a fugitive he committed, in December of 1933, an assault (a felony) in Union City, N. J., and was sentenced on December 20, 1933, to serve a State penitentiary sentence of three to twelve years. After this penal servitude he was released on parole on April 6, 1934, and under a warrant was extradited and brought to this court. Upon his arraignment on June 20, 1934, Regan pleaded guilty of manslaughter in the first degree and was sentenced on June 29, 1934, to a definite term of imprisonment in State prison for twenty years.

When this sentence was imposed Regan was represented by counsel. Mr. O'Brien, the assistant district attorney in charge of the case, stated that no information charging Regan with being a second felony offender would be filed. The district attorney agreed that this case did not come within the purview of section 1941 of

the Penal Law, which provides the procedure and sentence of second felony offenders.

On November 1, 1941, Justice JULIUS MILLER of the Supreme Court, New York county, granted a writ of habeas corpus, returnable before the Supreme Court in the village of Hudson Falls, county of Washington, N. Y., on November 8, 1941, and this prisoner was produced in obedience to the command of that writ.

Mr. Henry Lowenberg, attorney for the relator, claimed in support of the petition in that proceeding that the relator had received an improper sentence in the Court of General Sessions on June 29, 1934. Although this writ was dismissed, the Attorney-General appears to have offered no opposition to the application that the relator be remanded to the custody of the sheriff of New York county and be returned to the Court of General Sessions for resentence, if such resentence were found to be necessary. He did, however, state that he had checked Regan's record with the district attorney of New York county and that the result of this investigation showed that Regan was not in fact a second offender at the time the twenty-year sentence was imposed upon him, and that he was not entitled to an indeterminate sentence by virtue of the fact that he had theretofore been convicted of a felony.

In the brief submitted by the Attorney-General he states: " The Attorney-General further found that the District Attorney of New York County had the impression that Regan was so sentenced as a second offender. In order to give Regan the benfit of all doubt, the Attorney-General allowed him to be returned to New York County for the purpose of resentence, if such resentence were found to be necessary. The sentencing court, having its minutes before it, can determine whether or not it, on June 29, 1934, sentenced Regan as a first or second offender. If the court finds that it sentenced Regan as a first offender at that time, no resentence at this time is necessary. All that need be done is to amend the commitment to show that Regan was sentenced not as a second offender to the definite term of imprisonment, because he was not entitled to the clemency of an indeterminate sentence by virtue of the provisions of section 2189 of the Penal Law as it existed at the time of the commission of the crime and at the time of conviction and sentence. If the court finds that it did, on June 29, 1934, sentence Regan to the twenty-year term as a second offender, then the court should resentence him at this time. If the court does find it necessary to so resentence him, Regan cannot receive an indeterminate sentence but must receive a definite sentence for a fixed number of years not exceeding twenty years (sec. 1051, Penal Law)."

Pursuant to the order of Supreme Court Justice LEON M. LAYDEN, on November 8, 1941, Regan is now arraigned before this court.

I do not quite understand the procedure that has been adopted in this case, particularly in the light of the proceedings of the sentence before me on June 29, 1934, which show conclusively that Regan was not charged with being, nor was he dealt with as a second felony offender. A mere reading of those minutes and the indorsement on the original papers containing a notation of the sentence imposed show that under the then existing law Regan was punishable under section 2189 of the Penal Law.

The commitment containing a true extract from the minutes signed by the clerk of this court on June 29, 1934, states, in part, as follows: " People of the State of New York against John Regan, On conviction by confession of Manslaughter in the First Degree, killing one Louis Prince (crime committed July 14, 1933) whereupon it is ordered and adjudged by the Court that the said John Regan (he having been heretofore convicted of a felony) for the felony aforesaid whereof he is convicted, be imprisoned in the State Prison, at hard labor, for the term of twenty years. A true extract from the minutes. Edward R. Carroll, Clerk of Court."

Section 2189 of the Penal Law, as it existed at the time of the commission of the crime by Regan, his conviction and sentence thereunder, provided, in part, as follows: "A person *never before convicted of a crime punishable by imprisonment in a State prison,* who is convicted in any court in this State of a felony other than murder first or second degree * * * and sentenced to a State prison, shall be sentenced thereto under an indeterminate sentence * * *."

According to my interpretation and application of this statute, an indeterminate sentence could be imposed only in the case of a first offender, within the meaning of our law. It is clear, therefore, that inasmuch as Regan at the time of the sentence in this court had been previously convicted of the crime in New Jersey, the law made a definite sentence mandatory under this statute.

It is well settled that prior to the uniform indeterminate sentence laws of 1936 (Laws of 1936, chap. 70) only those persons never before convicted were entitled to an indeterminate sentence. (See *People* v. *Simon,* 178 App. Div. 660; *People ex rel. Gaczewski* v. *Jennings,* 223 id. 78; *People* v. *Rosen,* 208 N. Y. 169. See, also, *People ex rel. Fredericks* v. *Brophy,* 239 App. Div. 807; *People ex rel. Feldman* v. *Lawes,* 240 id. 769.)

I agree with the Attorney-General that the case of *People ex rel. Gendelman* v. *Snyder* (259 App. Div. 939) is not applicable to the case at bar, because Gendelman was not sentenced the second

time until the year 1938, which was after section 2189 had been amended providing that all persons should receive indeterminate sentences. This fact, I agree, makes the difference between Gendelman's sentence and that of Regan's and all other sentences in cases where the punishment was imposed prior to 1936.

A reading of the record and of the commitment in the case of John Regan shows that he was considered and dealt with not as a second offender under the Baumes Laws, and there is no occasion or necessity for taking any action to resentence Regan. It is ordered, however, that the commitment be amended *nunc pro tunc* to show confirmation of this fact in its sentence, so as to show particularly that Regan, who was convicted in this court on June 29, 1934, had been convicted before that date, namely, on December 20, 1933.

The Baumes Laws are not applicable inasmuch as this crime was committed prior and not subsequent to the crime in New Jersey, and, therefore, for purposes of punishment, he shall not be dealt with as a second offender under section 1941 of the Penal Law, but shall be punished as prescribed in section 2189 (*supra*).

I shall order the vacation of the sentence of June 29, 1934, and making of a *nunc pro tunc* commitment reciting these facts as of June 29, 1934, and committing this defendant to State prison for the term of twenty years.