THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT MUMMIANI, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— The petitioner has appealed from an order of the County Judge of Clinton County dismissing a writ of habeas corpus. On April 8, 1932, petitioner pleaded guilty to the crime of murder in the second degree and was sentenced to State prison for a minimum of not less than thirty years and a maximum of not more than life, and five years were added as increased punishment pursuant to section 1944 of the Penal Law. The Appellate Division, Second Department, sustained a writ of habeas corpus and remitted the matter to the Court of General Sessions to determine whether or not petitioner was armed at the time of the commission of the crime (258 App. Div. 643). The Court of General Sessions, after the writ was sustained, took testimony and determined that petitioner was armed. He was thereupon again given the same sentence as originally imposed. Later the court inserted that the judgment was imposed *nunc pro tunc* as of April 22, 1932. The appellant's contention that the court was without power to make this notation is without merit. Order affirmed, without costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS RUSSO, Appellant, against FRANCIS C. SHAW, as Director of Dannemora State Hospital, Respondent.— Appeal from an order dismissing a writ of habeas corpus. Relator is serving a sentence imposed for his conviction of a felony. He was duly transferred to Dannemora State Hospital on March 7, 1944. The lawfulness of this transfer, questioned by relator's contention, has long been upheld. Order affirmed. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD L. GARDNER, Appellant, against FRANCIS C. SHAW, as Director of Dannemora State Hospital, Respondent.— Relator has appealed from an order of the County Court of Clinton County dismissing a writ of habeas corpus. On October 19, 1943, the appellant was convicted of rape in the first degree and sentenced by the County Court of Cortland County to imprisonment for not less than ten nor more than fifteen years. He was received in a State prison October 22, 1943, and was thereafter transferred to the Dannemora State Hospital where he is now detained. The transfer was made pursuant to section 383 of the Correction Law. Relator's sole contention is that the prison officials acted illegally in making the transfer. Order affirmed. All concur.

## (September 20, 1945.)

ARTHUR BILYEU, Respondent, v. HOD CARRIERS BUILDING AND COMMON LABORERS' UNION, LOCAL No. 17, Appellant.— Order reversed on the law and facts, with $10 costs and disbursements, and motion to open default granted, with $10 costs. Answer to be served within ten days after the service of the order, with notice of entry, to be entered hereon. All concur. [See *post*, p. 1006.]