Francis L. Valente, J.
The defendant herein was sentenced by me as a fourth felony offender on October 8,1951. On July 9, 1951 he had pleaded guilty to the crime of attempted burglary in the third degree, which plea covered two indictments. The information filed against him set forth — among others — a conviction of the defendant on March 6, 1914 of the crime of an attempt to commit the crime of burglary in the third degree and sentence thereon to State prison for a period of one year and ten months.
On October 9,1951 the defendant filed a notice of appeal from the judgment of conviction of October 8, 1951 which appeal was dismissed by an order of the Appellate Division, dated December 2, 1952.
On July 27, 1954, on the application of defendant, Capozzori, J., of this court, having ruled the defendant was entitled to an indeterminate sentence on the 1914 conviction, vacated the sentence imposed on the 1914 conviction and resentenced the defendant to an indeterminate term of one year to one year and ten months in State Prison, nunc pro tunc, as of March 6, 1914.
The defendant now moves to vacate and set aside the sentence imposed by me on October 8, 1951 and seeks to be resentenced as a third felony offender on that conviction, contending that since he was resentenced in 1954 on the 1914 conviction, he is no longer a fourth felony offender.
The issue raised by this application is whether the status of a convicted fourth felony offender is affected by a subsequent resentence, nunc pro tunc, of one of the convictions that was relied upon in the information charging him as such. Oddly enough, the question raised by this application does not appear to be the basis of any judicial determination.
There is inherent power in the court to correct its records where the correction relates to clerical errors and to conform the record to the true facts (People ex rel. Hirschberg v. Orange County Ct., 271 N. Y. 151, 156-157 [1936]; Clark v. Scovill, 198 N. Y. 279, 286 [1910]; People v. Keller, 37 N. Y. S. 2d 61, 63-64). The court has the power to correct a sentence which was valid *569 when imposed, hut which has become invalid by reason of subsequent events (People ex rel. Sloane v. Lawes, 255 N. Y. 112 [1930]; People v. Keller, supra, pp. 63-64). Thus, sentences involving additional punishment pursuant to section 1944 of the Penal Law have been corrected, nunc pro tunc, after a hearing where none was held at the time of the original imposition of sentence (People ex rel. Mummiani v. Jackson, 269 App. Div. 919, affd. 295 N. Y. 914, cert, denied 329 U. S. 815; People v. Sandoval, 262 App. Div. 288).
Indeterminate sentences have been corrected, nunc pro tunc, where they should have been determinate (People v. Rozea, 267 App. Div. 569; People v. Regan, 177 Misc. 984); and, as in the instant case, determinate sentences have been corrected, nunc pro tunc, where they should have been indeterminate (People ex rel. Miresi v. Murphy, 253 App. Div. 441). Parenthetically, the necessity for such a change where the sentence has been served escapes me.
The authority of the court to make these changes having been established, we now proceed to a consideration of the meaning and effect of ‘ ‘ nunc pro tunc. ’ ’
Nunc pro tunc is defined in Black’s Law Dictionary as “ A phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect; i.e., with the same effect as if regularly done. ’ ’
Thus, a resentence, nunc pro tunc, is the correction of a judgment of conviction as of the time it was entered.
In the instant case it therefore follows that the net result of the resentence, nunc pro tunc, in the 1914 conviction was to correct — as of the date of the entry of the judgment of conviction— the sentence imposed so as to make it conform to the statute as it apparently existed at that time.
For the purpose of multiple offender considerations, the date of resentence has no significance and does not change the effect or the character or the time sequence of the judgment of conviction.
The circumstance that a judgment of conviction used as an item in a fourth felony offender information was corrected, nunc pro tunc, to the extent of imposing an indeterminate instead of a determinate sentence, subsequent to the defendant’s sentence as a fourth felony offender in nowise affects his status as a fourth felony-offender.
Accordingly, the application is in all respects denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to serve a certified copy thereof on the defendant.