■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH SACCONANNO, Appellant, against FRANCIS D. SHAW, as Director of Dannemora State Hospital, Respondent.— This is an appeal from an order of the Supreme Court at Special Term dismissing a writ of habeas corpus. There is no factual dispute. Appellant was sentenced by the County Court of Bronx County, New York, on May 29, 1956, to Elmira Reformatory upon a guilty plea to the crime of burglary in the third degree. His maximum term would be five years. In the commitment the sentencing court added: "The Court recommends that the defendant be given psychiatric treatment." Subsequently, upon the certificate of a psychiatrist that in his opinion appellant was insane, the Superintendent of Elmira Reformatory caused the prisoner to be transferred to Dannemora State Hospital. Concededly appellant's term of confinement has not expired. He does not seek complete release, he seeks only that he be returned to Elmira Reformatory because he contends that he is not insane. Traditionally the purpose of a writ of habeas corpus is to determine the legal cause of detention, not the place of detention. It is without dispute that appellant was originally committed by virtue of a final judgment of a competent tribunal. He does not question the legality of the original commitment. Under subdivision 2 of section 1231 of the Civil Practice Act, he was not entitled to the writ in the first place. The record clearly shows that the Trial Justice who granted the writ, and later dismissed it, recognized this, and issued the writ out of graciousness because appellant's counsel wanted an opportunity to have the existing case law re-examined, with perhaps a different result. The question of the place of confinement is not an open question in this court, once a valid commitment

is made. (*People ex rel. Russo* v. *Shaw*, 271 App. Div. 768; *People ex rel. Sullinger* v. *Shaw*, 269 App. Div. 918; *People ex rel. Russo* v. *Shaw*, 269 App. Div. 919; *People ex rel. Gardner* v. *Shaw*, 269 App. Div. 919.) The Court of Appeals has said: " The place where a prisoner sentenced to imprisonment shall be confined during the term of his imprisonment may, under the statute, be determined by an administrative officer without notice or hearing, and such determination does not violate any constitutional right of the prisoner." (*People ex rel. Morriale* v. *Branham*, 291 N. Y. 312, 318.) In that case the prisoner's term had expired and a different question was presented, but the language strongly suggests that if a prisoner is legally confined the place of confinement is an administrative act, and he is not entitled to a writ of habeas corpus. Appellant's situation is not comparable with an unconvicted person's right to a hearing on the question of sanity because in that case the person is committed only because of insanity and not because of a conviction of a crime. Once having been legally sentenced, section 383 of the Correction Law authorizes administrative transfers which cannot be questioned. (See *People ex rel. Stephani* v. *North*, 91 Misc. 616.) Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.