**Ex parte Paul A. BRIDGES.**
No. 57650.
No. A–12571.

Criminal Court of Appeals of Oklahoma.
Feb. 19, 1958.

Paul A. Bridges, pro se.

Mac Q. Williams, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Paul A. Bridges is now confined in the State penitentiary at McAlester, where he was sentenced by the district court of Grant County on December 6, 1955, to serve a

sentence of ten years. The journal entry was signed on the day of sentence and filed in the office of the district court clerk of Grant County the following day, December 7, 1955 and recorded in record DC 1, page 190, and the petitioner herein duly confined in the penitentiary.

On October 29, 1957, Paul A. Bridges filed a petition in the district court of Pittsburg County, the county where the penitentiary in which he is confined is located, seeking his release and giving as ground therefor that the judgment and sentence of December 7, 1955, above mentioned, predicated the sentence imposed on a conviction for the crime of burglary in the second degree, pointing out that the penalty on conviction for such crime is limited to a punishment of imprisonment in the state penitentiary for a term of not to exceed seven years and not less than two years. 21 O.S.1951 § 1436(2). If the journal entry in question correctly reflected the judgment of the court, petitioner's contention would be true, and ordinarily the court where the journal entry would be introduced would be bound by the recitations.

On November 26, 1957, the attorney general on behalf of the State and the Warden of the penitentiary filed a response in the district court of Pittsburg County attaching photostatic copies of various instruments from case No. 1113 in the district court of Grant County, in the case of State of Oklahoma v. Paul Archie Bridges.

The complaint whereby petitioner herein was initially charged filed on December 1, 1955, actually charged defendant there, petitioner herein, with the crime of burglary in the second degree, second and subsequent offense. The county judge, acting as an examing magistrate, appointed counsel to represent the defendant and thereafter a preliminary examination was waived and defendant was bound over to the district court of Grant County and an information filed, the pertinent portion reading:

"* * * that on the 28th day of November, A. D. 1955, in the County of Grant, State of Oklahoma, that one Paul Archie Bridges unlawfully, wrongfully and willfully did and feloniously did break into and enter the Champlin Filling Station located on the west side of Highway 60 within the city limits of Lamont, Grant County, Oklahoma, by entering a window on the north side of the said Filling Station, with the unlawful and felonious intent to steal money and merchandise therein, and after breaking into the said Champlin Filling Station, the said Paul Archie Bridges did steal the sum of approximately eleven dollars with the intent of depriving the true owner thereof; that the said Filling station, was and is a building where some property was and is kept; that prior to the 28th day of November, 1955 and on the 28th day of April, 1952, the said Paul Archie Bridges, was convicted of the crime of burglary in the second degree in the district court of Stephens County case No. 2924; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

Thereafter defendant, represented by counsel, on June 6, 1955, duly appeared before the district court of Grant County and entered a plea of guilty to the crime charged, and was sentenced as stated, but the journal entry filed failed, as contended by petitioner, to specify that the offense for which convicted was a second and subsequent offense.

However, the county attorney of Grant County, Oklahoma, under date of November 1, 1957, filed in the trial court his application for an order nunc pro tunc seeking to correct the said journal entry by showing that by inadvertence, clerical error and mistake the phrase "second and subsequent offense" was omitted from the judgment in question.

On November 13, 1957, after hearing, the trial judge entered the following order:

"Now on this the 13th day of November, 1957, it being one of the regular days of the July, 1957 term of said court, this matter comes on for hearing upon the application of the State of Oklahoma for an Order Nunc Pro Tunc correcting an order of judgment and sentence on plea of guilty entered by the said court on the 6th day of December, 1955. The State of Oklahoma appears by George Wayne Alge, the County Attorney.

"Whereupon the court being fully advised in the premises finds that the said defendant, Paul Archie Bridges, did on the 6th day of December, 1955, enter a plea of guilty to the crime of burglary in the second degree, a second and subsequent offense, as charged in the Information filed herein. That the said information alleged that the said defendant, Paul Archie Bridges did on the 28th day of November, 1955, in Grant County, State of Oklahoma, commit the crime of burglary in the second degree, and that prior to the 28th day of November, 1955, and on the 28th day of April, 1952, the said defendant was convicted of the crime of burglary in the second degree in the district court of Stephens County, case number 2924.

"Now therefore it is ordered, adjudged and decreed that the court clerk amend and correct the original judgment and sentence on plea of guilty in this case by adding after the phrase "burglary in the Second Degree" the following phrase: "a second and subsequent offense", so that the judgment and sentence on plea of guilty will speak the truth and correct the error and ommission heretofore made on the 6th day of December, 1955."

With the above proof before it, the district court of Pittsburg County on the 26th day of November, 1957, denied the petition for writ of habeas corpus, and thereafter on December 16, 1957, petitioner filed in this court his independent petition for writ of habeas corpus, a procedure correct in this State. By agreement the record made in the district court of Pittsburg County was filed in the office of the clerk of this court, and the case has been submitted for an opinion.

■ In a habeas corpus proceeding the inquiry of the criminal court of appeals is limited to whether the court pronouncing judgment had jurisdiction of the accused, of the offense charged and jurisdiction to pronounce the particular judgment. Tartar v. Burford, 93 Okl.Cr. 281, 227 P.2d 422; certiorari denied Paul v. Burford, 341 U.S. 922, 71 S.Ct. 738, 95 L.Ed. 1355. Jurisdiction of the subject matter in a criminal case is conferred upon a court by law, and is determined by the allegations in the information or indictment. Ex parte Waldock, 142 Okl. 258, 286 P. 765; Vincent v. State, Okl. Cr., 318 P.2d 89.

We find that the petitioner herein was charged, not merely with the crime of burglary in the second degree, but with "burglary in the second degree, a second and subsequent offense", and the information went on to particularly specify the prior conviction. To this information the defendant, being represented by counsel, entered his plea of guilty.

The sole question presented is whether the trial court under the circumstances set forth, could correct an obvious error in the journal entry of judgment where the charge recounted in such journal entry was at variance to that set out in the information and to which the defendant entered his plea of guilty. In other words, could this error be corrected by an order nunc pro tunc?

■ It is stated in Black's Law Dictionary that:

"A nunc pro tunc entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had where

entry thereof was omitted through inadvertence or mistake."

 The Supreme Court of Oklahoma in Hawks v. McCormack, 180 Okl. 569, 71 P.2d 724, 725, in the body of the opinion said:

"But the true function of a nunc pro tunc order is to make the record speak the truth relative to the judgment or order. That is to make the record reflect the true judgment or order intended by the court at the time the original judgment or order was entered. If the clerk makes a mistake or incorrectly enters a judgment or order, the same may be corrected by an order nunc pro tunc. If the court itself by inadvertence uses language in the journal entry which does not reflect the true judgment or order intended, an order may be made nunc pro tunc correcting same. This power is inherent in courts of record and exists independent of any statutory provision. 34 C.J. 71; Courtney v. Barnett, 65 Okl. 189, 166 P. 207; Woodmansee v. Woodmansee, 137 Okl. 112, 278 P. 278."

See also Griffin v. Johnson, 197 Okl. 547, 172 P.2d 967.

In Ex parte Pruitt, 89 Okl.Cr. 312, 207 P.2d 337, 338, this court, in paragraph 6 of the syllabus, said:

"Where defendant was charged by information with the crime of 'burglary in the second degree after former conviction of a felony' and the jury in its verdict finds him guilty of 'burglary in the second degree after former conviction of a felony' and fixes his punishment at ten years imprisonment in the State Penitentiary; trial court thereafter pronounces judgment in conformity to the verdict but clerk through inadvertence or over-sight in preparing journal entry recites that sentence was pronounced for 'burglary in the second degree', trial court may amend the journal entry of judgment and sentence nunc pro tunc three years later by requiring the clerk to amend the record so that the crime for which judgment was pronounced thereafter reads 'burglary in the second degree after former conviction of a felony.'"

 In People v. Manieri, 1955, 4 Misc.2d 567, 148 N.Y.S.2d 546, 548, the court of general sessions, New York County, in a criminal case held that there is inherent power in the court to correct its records where the correction relates to clerical errors, and to conform the record to the true facts. It was said:

"A resentence, nunc pro tunc, is the correction of a judgment of conviction as of the time it was entered."

See also People v. Regan, 177 Misc. 984, 32 N.Y.S.2d 509, and 28A Words and Phrases.

 We conclude that the district court of Grant County had authority to correct the journal entry of judgment complained of to conform to the charge to which petitioner herein plead guilty, and the petition for writ of habeas corpus is, accordingly, denied.

BRETT, P. J., and NIX, J., concur.