J. Ikwih Shapiro, J.
This is a habeas corpus proceeding. On October 1, 1963, in an interim opinion (40 Misc 2d 505), I passed upon some of the issues of law presented by the relator’s application and then directed that a hearing be held to pass upon the unresolved issues of fact. In open court, on October 11, 1963, counsel for the relator and the District Attorney of Nassau County stipulated the unresolved factual issues.
The stipulation and the other facts in the record reveal the following occurrences in their chronological order:
1. On May 15, 1945 the relator plead guilty in the County Court of Kings County to the crime of grand larceny in the second degree and on June 20, 1945 he was sentenced to the New York State Vocational Institute.
2. On January 22, 1947, again in the Kings County Court, the relator plead guilty to the crime of attempted grand larceny in the second degree and on March 13,1947 “ having been adjudicated a second felony offender, was sentenced to the Elmira Deception Center for a term of 2% to 5 years. ’ ’
3. On September 27, 1954 the defendant plead guilty in the County Court of Nassau County to the crime of forgery in the second degree. On October 15, 1954, the District Attorney of Nassau County filed an information “ pursuant to Sections 1941 and 1943 of the Penal Law relative to the defendant” in the County Court of Nassau County setting forth the two prior Kings County felony convictions above set forth for the purpose of establishing that the relator was a third felony offender. On the same day that the prior offender information was filed the defendant relator “ acknowledged that he was the same person named in information” and that he was previously convicted of “ 2 certain felonies as in the said information set forth ”, they being the two Kings County Court convictions of 1954 and 1957.
After waiving ‘ ‘ his right to a forty-eight hour delay ’ ’ and asking “to be sentenced at once” the Nassau County Court sentenced and committed the relator to Sing Sing Prison for a term of not less than 5 nor more than 10 years upon his conviction of the crime of forgery second degree.
4. On May 4, 1961 the defendant was found guilty in the County Court of Nassau County of another second degree forgery charge. Prior to his sentence on that conviction ‘ ‘ it was necessary to hold hearings to determine whether the defendant was a fourth felony offender” as charged in an information *515 filed by the District Attorney. The hearings “ resulted in findings adverse to the petitioner ”. The three prior felonies alleged therein consisted of the two Kings County felonies and the October, 1954 Nassau County felony. “ Therefore, on May 18th, 1962, he was sentenced as a fourth felony offender to Sing Sing Prison for twenty years to life ”.
5. Thereafter, upon a coram nobis hearing held in Kings County, on an application to set aside the conviction mentioned in paragraph numbered 1 hereof, the court there on October 19, 1962 made an order “ that the plea of guilty May 15, 1945 and sentence of June 20, 1945 be and they hereby are vacated and set aside ”. The record then shows that the defendant was thereupon “re-arraigned and pleads not guilty”. Subsequent thereto the defendant withdrew his plea of not guilty and plead guilty to the crime of grand larceny second degree whereupon the court pronounced judgment as follows: “It is ordered by the Court that the judgment of sentence for the felony aforesaid whereof he is convicted be and the same hereby is suspended during the good behavior of the said Joseph Zangrillo ”.
6. “On February 1, 1963, defendant’s prior sentence as a fourth felony offender was set aside inasmuch as a predicate felony in the County Court of Kings County of June 20, 1945 was set aside ”. At that time “ the defendant thus stood before the County Court (Nassau County) as a prior felony offender. The prior felony offender information, which had been previously filed against him pursuant to Section 1941 and Section 1943 of the Penal Law, charged him with felony convictions in Kings County Court on March 13,1947 and in the County Court of Nassau County on October 15, 1954. The Court thereupon sentenced petitioner ‘ as a prior felony offender ’ to Sing Sing Prison for a term of 10 to 20 years ”.
7. Thereafter upon another application made in Kings County “ in the nature of a writ of error coram nobis ” to set aside the conviction mentioned in paragraph numbered 2 hereof, it was on June 28, 1963 “ ordered that the plea of January 22, 1947 and the sentence of March 13, 1947 be vacated and set aside ” and ‘ ‘ the defendant is advised of his rights pursuant to Section 308 C. C. P. and pleads not guilty”. Thereafter the record shows that the defendant ‘ ‘ withdraws his plea of not guilty and pleads guilty to the crime of Attempted Grand Larceny Second Degree ” upon which plea he “ was sentenced by imprisonment in the Sing Sing State Prison at Ossining, N. Y. at hard labor under an indeterminate sentence, the maximum of such imprisonment to be five years and the minimum thereof two years and six months. The execution of the sentence is suspended ”.
*516 As the record now stands the defendant is incarcerated under two judgments of conviction: (1) the sentence imposed upon him by the County Court of Nassau County on October 15, 1954 pursuant to which he was sentenced 'to Sing Sing Prison for a term of not less than 5 nor more than 10 years as a prior felony offender — the prior crimes consisting of the 1945 and 1947 Kings County convictions, both of which were subsequently vacated, and (2) the sentence imposed upon him in the same court “as a prior felony offender ” on February 1, 1963 which was to Sing Sing Prison for a term of not less than 10 nor more than 20 years.
It is agreed that the defendant’s status in custody is as follows:
“ Zangrillo appeared before the Board of Parole on June 21, 1962 for determination as to the service of the delinquent time owed on his 1954 sentence. The Board directed that service of the new sentence began as of the date of his reception in prison on such new sentence.[1] The delinquent time is, therefore, running concurrently with the new term.
“ While he was not penalized, as permitted under the provisions of section 219 of the Correction Law, by a requirement that he serve all or part of his 1 delinquent time ’ before service of the new term, the Board’s action was, in effect, a ‘ parole ’ on the delinquent time to begin the new term. Therefore, for misconduct in the institution, he could be cited for violation of parole which would interrupt the running of the delinquent time, a rare occurrence, and require service of the remainder consecutively with the present term.
‘ ‘ Zangrillo may also earn ‘ good time ’ on the delinquent time in accordance with the provisions of section 230(4) of the Correction Law which would permit it to expire prior to the normal expiration date of June 21,1966.”
There can be no doubt that relator is actually in custody under both the 1954 and the 1963 resentence and that the benefit of the concurrent service thereof may be taken away by the action of the board in the event of the relator’s “misconduct in the institution”. I hold, therefore, as a matter of law, for the reasons set forth by me in my interim opinion (40 Misc 2d 505), that this writ is a proper means of challenging the legality *517 of relator’s detention under the 1954 sentence and that that question is presented in this case.
The present respondent has the relator in custody, in Queens County, by the authority of an order of the Supreme Court, Kings County, pursuant to which the Warden of Clinton Prison was directed to deliver him to the respondent so that relator could participate in the conduct of a hearing directed to be had in a coram nobis proceeding in Kings County. During the Kings County coram nobis proceedings relator was held in custody in the Queens County jail and that custody has continued in Queens County during the consideration of the application for this writ of habeas corpus. Nevertheless, respondent’s custody of the relator is merely an incident of the latter’s confinement in Clinton Prison, and in the final analysis, is dependent on the justice of the cause for his detention in that institution. One of those causes is the 1954 Nassau County Court sentence which relator contends is, and which I find to be, illegal. That sentence followed, and was based upon, an adjudication that relator had twice previously been convicted in Kings County of the felonies specified in the information then before the Nassau County Court. Needless to say, the setting aside of the guilty pleas and the sentences imposed thereon in the Kings County Court cases on October 19, 1962 and June 28, 1963, respectively, wiped out the convictions on which relator on October 15, 1954 was adjudged to be and was sentenced as a prior felony offender.
The possibility that the same punishment (5 to 10 years) could have been meted out to defendant as a first offender is of no consequence (People v. Shaw, 1 N Y 2d 30; People v. Waterman, 11 A D 2d 622; People v. French, 5 A D 2d 852; People v. Gifford, 2 A D 2d 642, 643; People v. Begue, 1 A D 2d 289; People ex rel. Stevens v. Jackson, 283 App. Div. 3). Since the foundation for the 1954 adjudication of relator’s prior offender status was destroyed by the later vacatur of the two Kings County convictions, he is entitled to be returned to the status which he occupied before that adjudication and to be sentenced in his correct status, that of a first felony offender.
In retrospect then, his conviction of the two crimes in Kings County did not occur until he was arraigned anew and entered his guilty pleas thereon. For that reason, his convictions in those cases are subsequent to his conviction of the forgery in Nassau County Court in 1954 and, naturally, no longer support what was then his prior offender status (Penal Law, § 1941).
Although now" represented by legal aid whom I assigned to him upon receiving his petition, the relator originally appeared pro se. His handwritten petition and application for a writ of *518 habeas corpus only seek the vacatur of the 1954 Nassau County Court sentence. No relief is asked with regard to the Nassau County Court resentence of the defendant as a third felony offender on February 1, 1963. However, subdivision (a) of section 7002 of the Civil Practice Law and Rules provides that: ‘1 A person illegally imprisoned or otherwise restrained in his liberty within the state, or one acting on his behalf, may petition without notice for a writ of habeas corpus to inquire into the cause of such detention and for deliverance. A judge authorized to issue writs of habeas corpus having evidence, in a judicial proceeding before him, that any person is so detained shall, on his own initiative, issue a writ of habeas corpus for the relief of that person.”
From the record before me it conclusively appears that not only is the defendant improperly detained as a prior felony offender under the 1954 Nassau County conviction, but that his detention under the 1963 resentence as a third felony offender is also illegal and improper. Since the imposition of that 1963 resentence the second Kings County felony (that of March 13, 1947, which together with the Nassau County 1954 conviction was used as a predicate for his third felony offender status) has been vacated. Therefore, of all of the felony convictions in existence at the time relator was convicted in Nassau County on May 4,1961 — which conviction is the basis for the resentence on February 1, 1963 — there remains only one outstanding, that of October 15, 1954. The defendant is therefore entitled to be resentenced on the May 4, 1961 conviction as a second felony offender, since his status on the records of the Nassau County Court is presently that of an adjudicated third felony offender.
Subdivision (a) of section 7002 of the Civil Practice Law and Rules above referred to is mandatory. It provides that when a person is ‘ ‘ illegally imprisoned or otherwise restrained in his liberty within the state * * * A judge authorized to issue writs of habeas corpus having evidence, in a judicial proceeding before him, that any person is so detained shall, on his own initiative, issue a writ of habeas corpus for the relief of that person.” (Emphasis supplied.)
In this record I have evidence before me that the relator is “ illegally imprisoned ” not only by reason of the 1954 Nassau County Court sentence but also by reason of the 1963 Nassau County Court resentence. A writ, under the terms of the statute, must therefore be issued by me on my “ own initiative ”. To go through the formality of issuing a writ and holding a hearing when all of the facts are of record and have been stipulated would exalt form above substance and would be duplicitas in the *519 extreme. I shall therefore deem the petitioner’s present application for a writ of habeas corpus conformed to the proof in the record.
The relator should therefore be remanded to the Nassau County Court for resentence nunc pro tunc as of October 15, 3954 on his plea of guilty to the crime of forgery in the second degree which he interposed on September 27, 1954 and which plea still remains good even though the judgment of sentence thereon must, as a matter of law, be vacated (see authorities cited in the interim opinion), and that he be sentenced on that September, 1954 plea as a first offender, and that in addition he be resentenced on his May 4, 1961 conviction as a second felony offender, the underlying felony being the prior Nassau County conviction.
The writ is therefore dismissed[2] but those now having the custody and control of the relator are directed to bring him before the County Court of Nassau County and that court is ordered and directed to re sentence him on his September 27, 3.954 felony plea as a first offender, nunc pro tunc as of October 15, 1954 and on his May, 1961 conviction as a second felony offender.
Judgment entered accordingly simultaneously herewith (CPLR, § 7010).

. At that time the new sentence referred to was the one imposed in Nassau County Court on May 18, 1962 of 20 years to life as a fourth felony offender. That new sentence was set aside by that court on February 1, 1963 by reason of the vacation in the interim of the June 20, 1945 Kings County conviction and the relator was thereupon resentenced to a new term of not less than 10 nor more than 20 years “ as a prior felony offender ”.

. Logically, it would seem that the writ should be sustained to the extent of directing relator’s appearance at the court indicated, but in People ex rel. Taras v. Kirby (266 App. Div. 872), Special Term did just that and the Appellate Division said: “ Order sustaining the writ of habeas corpus and returning the relator to the trial court for correction of sentence modified on the law by striking the word ‘ sustained ’ from the first decretal paragraph and substituting in place thereof the word ‘ dismissed ’ ”.
Section 7010 of the Civil Practice Law and Rules which deals with the form of judgment upon determination of a habeas corpus proceeding does not seem to reach the factual situation here presented but its spirit and intendment accords with the modification in People ex rel. Taras v. Kirby (supra).