J. Irwin Shapiro, J.
This is a motion by the defendant for an order (1) “vacating the judgment of the District Court of the County of Mesa, State of Colorado, dated August 4, 1937, convicting the defendant of the crime of burglary and sentencing him to prison for a term not exceeding ten years, by reason that at the time of his arrest, plea of guilty and sentencing him, and upon all of the proceedings had of the said information, the defendant did not know, and was not informed by the Court, that he had a right to be represented by counsel, and that in consequence thereof he was at no time so represented; and that the defendant was at no time informed as to his constitutional rights to be represented by counsel, and that in consequence thereof he was at no time so represented; and, further, that the defendant was not informed at the time of his arrest that he had signed a paper which consisted of a confession to the crime; and, further, that the crime with which the defendant was charged and allegedly confessed was not actually a felony; and, further, (2) for an order vacating and setting aside the sentences and for resentencing of the defendant herein under Indictment numbers 18751-1941, 450-1944 and 307-1957, in the County Court of the County of Queens.”
On June 20, 1941, in the former County Court of Queens County, the defendant was sentenced on a charge of attempted burglary in the third degree to imprisonment, as a second felony offender, to a term of not less than 5 nor more than 10 years. Defendant’s sentence as a second offender was based upon his admission that he had been convicted of burglary in the State of Colorado on August 4,1937.
On February 6, 1945 the defendant was convicted in Queens County upon his plea of guilty of the crime of attempted grand larceny in the second degree (Indictment No. 450/1944). On March 9, 1945 the defendant admitted his previous 1941 conviction in Queens County (Indictment No. 18751/1941), and with that as a predicate the defendant was sentenced as a second felony offender. His prior Colorado conviction was not mentioned or utilized on this sentence.
On June 18, 1957 the defendant was convicted in Queens County of the crime of attempted burglary in the third degree. *1085 On July 17,1957 he admitted that he had been twice previously convicted of felonies in Queens County, to wit, the felonies covered by Indictments No. 18751/1941 and No. 450/1944 above mentioned, and he was thereupon adjudged to be and sentenced as a third felony offender. Again no mention was made of the Colorado conviction.
Upon the argument of this motion it was conceded by the People that the defendant was not represented by counsel in the criminal prosecution culminating in his conviction for the crime of burglary in the State of Colorado, and that they were in no position to contend that there was a conscious waiver on his part of the right to counsel. (Cf. United States ex rel. Maldonado v. Denno, 348 F. 2d 12; United States ex rel. DiBlasi v. McMann, 348 F. 2d 12 [both decided simultaneously by C. A., 2d, July 12, 1965].)
It is now settled law that the Eight to Counsel provision contained in the Bill of Eights (U. S. Const., 6th Amdt.), by virtue of the “due process ” clause of the Fourteenth Amendment (U. S. Const., 14th Amdt., § 1), applies not only to Federal prosecutions but to prosecutions in State courts as well (Gideon v. Wainwright, 372 U. S. 335).
To meet the requirements of Gideon, and to overcome the limiting procedural effects of People v. Wilson (13 N Y 2d 277) section 1943 of the Penal Law was amended (L. 1964, ch. 446, eff. April, 1964). (People v. Cornish, 21 A D 2d 280; People v. Broderick, 24 A D 2d 638).
'So far as material, that section now provides: “that no previous conviction in this or any other state shall be utilized as a predicate for multiple offender treatment * * * if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States.”
It is clear that the Colorado conviction was obtained in violation of the defendant’s constitutional rights since he was not represented by counsel nor did he knowingly waive his rights in that regard, and therefore the utilization of that conviction as the underlying predicate to constitute him a second felony offender at the time of his 1941 sentence requires that that 1941 sentence be vacated (People v. Broderick, supra). That vacatur applies only to the sentence but not to the finding of guilt preceding the same (People ex rel. Zangrillo v. Doherty, 40 Misc 2d 505, 512 and cases there cited).
Under the circumstances, the motion is granted to the extent of vacating the sentence imposed upon the defendant as a second felony offender on June 20, 1941, and the defendant is directed *1086 to be brought before the court for resentence on the 3d day of February, 1966.
If, at the time of resentence on the 1941 conviction, a sentence is newly imposed as of the day of such resentence, it is obvious that the sentences of 1944 and 1957, which depend for their validity as second and third felony adjudications on a valid sentence imposed in 1941, will likewise have to be set aside and new sentences imposed upon the defendant as a first felony offender on each of such convictions (People v. Weinberger, 21 A D 2d 353, affd. 15 N Y 2d 735). If, however, the resentence on the 1941 conviction is imposed nunc pro tunc as of that time, the subsequent sentences would remain unaffected (People ex rel. Naumo v. Jackson, 1 A D 2d 743; People v. Manieri, 4 Misc 2d 567; People v. Wright, 46 Misc 2d 395) with the exception that, if a suspended sentence is imposed on that conviction, even though it be imposed nunc pro tunc, the defendant’s sentence in 1957 as a third felony offender would have to be set aside or corrected (People v. Begue, 1 A D 2d 289, 293-294), for a suspended sentence may not be used to make one a third felony offender (People v. Shaw, 1 N Y 2d 30; People ex rel. Zangrillo v. Doherty, 40 Misc 2d 513, supra; cf. People ex rel. Marcley v. Lawes, 254 N. Y. 249, 251; People v. Weinberger, supra).
Under the circumstances, the motion is granted to the extent above indicated without prejudice to further proceedings by the defendant against the 1944 and 1957 sentences if, by virtue of the resentence on the 1941 conviction, such proceedings should be warranted.