### HAWKS et al. v. McCORMACK.

No. 27067.    Sept. 21, 1937.

Mac Q. Williamson, Atty. Gen., and Houston E. Hill, Asst. Atty. Gen., for plaintiffs in error.

Dan Nelson and Carroll J. Moody, for defendant in error.

RILEY, J. This is an appeal from a judgment of the district court sustaining a motion to amend or correct a journal entry of judgment by an order entered nunc pro tunc.

The action out of which the order arose was for a writ of mandamus. Therein C. B. McCormack was plaintiff and Sam Hawks et al., as members of the State Highway Commission, were defendants.

Plaintiff sought the writ to compel defendants to pay him certain sums of money claimed to be due him for certain state highway construction work done by plaintiff under a contract with the State Highway Commission.

The petition for the writ contained three counts. Under the first count plaintiff claimed an unpaid balance of $2,377.54, due him as a part of the 10 per centum of the amount of the contract price for section A of the work, withheld by the State Highway Commission until the completion of the contract. Under count 2, plaintiff claimed $4,198.66, due him because of an alleged wrongful classification of rock and material in the excavation necessary in the construction work. In substance, the claim was that the State Highway Engineer has classified certain excavation as loose rock which was in fact solid rock, whereby the contractor's compensation was wrongfully reduced by said sum of $4,198.66. Under the third count, he claimed an unpaid balance on the whole contract as allowed by the State Highway Engineer, the sum of $2,522.

Demurrers to the petition were filed and overruled. Then defendants amended their response, among other things, pleading as to each count that the defendants constituted the State Highway Commission of the State of Oklahoma, and that said commission is a branch of the executive department of the sovereign state, and that the suit was a suit against the state and one that could not be maintained without the consent of the state, and that the state had not consented to be sued.

The issues joined came on for trial before Honorable Hal Johnson, district judge, assigned to hear the case.

The court entered judgment for defendants. In the formal journal entry, after the recitals showing the appearances of the parties, appears the following:

"Thereupon, the plaintiff introduced his evidence, and rested. Thereupon, the defendants demurred to the petition of the plaintiff, and each and every count thereof, and the court, having duly considered said demurrer, finds that said demurrer should be and the same is hereby overruled as to the first and third counts of said plaintiff's petition, but sustained as to the second count,

to which ruling of the court the plaintiff then and there excepted, and exceptions were allowed by the court. Thereupon, said defendants introduced their evidence, and rested; and the plaintiff introduced his rebuttal evidence, and rested; and the further hearing of said cause was continued over until the 4th day of November, 1933.

"Now, on said 4th day of November, 1933, came said cause on for further consideration by the court, and the court, after hearing the argument of counsel, finds the issues in favor of the defendants and against the plaintiff on each the first and third counts of said petition, to which ruling of the court the plaintiff then and there excepted, and exceptions were allowed."

Motion for new trial was filed and overruled, but no appeal was taken. The judgment was entered November 4, 1933.

On October 18, 1935, the plaintiff filed in said cause an application and petition for correction nunc pro tunc the journal entry. In substance the application alleges that the journal entry as signed by the judge and filed in said cause dismissed plaintiff's cause upon the merits, whereas the real reason and basis for the judgment was that the action was one against the state and could not be maintained without legislative permission.

The Attorney General, for defendants, filed a motion to strike the application upon the grounds: That the court had no jurisdiction to enter the order prayed for because plaintiff had failed to comply with the statutory provision applicable in such cases. That the court was without jurisdiction because the journal entry of judgment showed upon its face that it reflected the true judgment of the court entered upon the merits upon a journal entry prepared by counsel for plaintiff and approved by counsel for defendants before being submitted to and signed by the judge. Other matters were pleaded, including an allegation of laches.

Honorable Hal Johnson had ceased to be a district judge and the matter was presented to Honorable Clarence Mills, one of the district judges of Oklahoma county. An extended hearing was had, and at the close thereof the motion of defendants to strike the application for the order was overruled and the application for the order correcting the journal entry was sustained, and the order was entered correcting the journal entry so as to make it show that judgment was rendered, not on the merits, but on the ground and for the reason that the action was against the state of Oklahoma, and

could not be maintained without the consent of the Legislature.

Defendants first contend that the court committed error and exceeded its jurisdiction in sustaining the motion for and making the order nunc pro tunc.

This question is presented upon the theory that section 556, O. S. 1931, is the only authority under which a district court may make such an order. Said section provides:

"The district court shall have power to vacate or modify its judgment or orders, at or after the term at which such judgment or order was made."

Then follow nine grounds upon which judgments and orders may be vacated or modified.

But the true function of a nunc pro tunc order is to make the record speak the truth relative to the judgment or order. That is, to make the record reflect the true judgment or order intended by the court at the time the original judgment or order was entered. If the clerk makes a mistake or incorrectly enters a judgment or order, the same may be corrected by an order nunc pro tunc. If the court itself by inadvertence uses language in the journal entry which does not reflect the true judgment or order intended, an order may be made nunc pro tunc correcting same. This power is inherent in courts of record and exists independent of any statutory provision. 34 C. J. 71; Courtney v. Barnett, 65 Okla. 189, 166 P. 207; Woodmansee v. Woodmansee, 137 Okla. 112, 278 P. 278.

In the latter case a correction of a journal entry of judgment signed by the trial judge was involved.

In Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451, it was said:

"A trial court cannot be expected to read and scrutinize journal entries of judgment presented to it, but must rely upon counsel submitting correct judgments within and in conformity to the issues."

The journal entry in the instant case was prepared by one of the attorneys for the plaintiff, and was approved by attorneys for defendant and then presented to the trial judge for his signature. With reference thereto, he later testified:

"The counsel for the plaintiff prepared that journal entry and I signed it without investigating it, but it was then my opinion the court was without jurisdiction to try a suit for money against the state, without its consent and I would have been without jurisdiction considering the questions involved, and I was wholly without jurisdiction to try a mandamus case of that character. That was the basis of my decision."

The substance of the testimony of Judge Johnson was that the journal entry of judgment did not correctly reflect his interpretation of the law at the time he tried the case in that the journal entry purported to be a decision of the case on its merits, while he thought he was without jurisdiction to enter such a judgment, and that the writ should have been denied upon the ground that the action was one brought against the state without its consent.

A transcript of the proceedings of the former trial was introduced in evidence. A careful consideration of the same with the testimony of Honorable Hal Johnson, on the motion now under consideration, will disclose and clearly demonstrate that only the second count in the petition for the writ of mandamus was considered at the time by the trial court to be a controverted question amounting to a suit against the state.

The second count, as stated above, claimed a wrongful classification of the nature of the material excavated in the construction of the work.

It was only when this phase of the case was under consideration that Judge Johnson applied the rule. Time after time during the course of the trial he indicated that the second count in the petition presented a question apart from that presented in the first and third counts.

We quote from the record:

"Mr. Orton: We want to make the further objection that the petition on its face shows that the plaintiff is not entitled to maintain the action; that the petition on its face shows that a mandamus action is not such a remedy as the plaintiff is entitled to. It shows a disputed question of fact. The Court: It occurs to me that, as particularly relates to the allegation of wrongful classification that objection might be good. I have in mind the cases on that subject, particularly Beekman et al., in Pottawatomie county, but in that case no question of fact was involved. It was purely a question of law. I am very doubtful, Mr. Wilson, as to whether or not—"

Again:

"The Court: There is no point in hearing the evidence when, as a matter of law, it is

572

not required. I have in mind only that particular question. Mr. Wilson: On the question of estimates. The Court: On the question of improper classification. That is a pure question of fact. It is a suit against the state for the recovery of money. Now, these are matters of general impression. I never heard of this lawsuit before. * * * The Court: Possibly there is a method by getting the state to give its consent to be sued on an issue of that kind. * * * The Court: On a disputed question of fact, it occurs to me that the Legislature has to grant its consent for the state to be sued."

Then the court overruled the objection "for the present."

Then follow several pages of evidence relating to the first count in the petition. The record shows:

"Gentlemen, I will tell you: I would just like to stop to listen to an argument on this question of the controverted amount. It appears there is a controversy between the plaintiff and the state as to the amount due, the amount of excavation for which the plaintiff claims he is due money. If that is only a matter of opinion between the plaintiff and the Highway Commission, it would be purely a jury issue, and it is inconceivable to me that the court can try a matter of this character in a mandamus action on this particular issue. Mr. Wilson: That is, on the question of the difference in the excavation? The Court: Yes, the amount of excavation and the amount due the plaintiff from some subdivision of the state. It would be a jury question."

After further agreement of counsel the following transpired:

"The Court: The matter has gone so far that the court is able to determine that there is a controversy which is not plain and clear, and as to this particular issue, it seems to me that we are just taking up time. If the Legislature, in what is politely called its wisdom, should grant leave to sue the state, it might be determined, but I don't think the court can try any issue of fact in a mandamus action."

The journal entry shows that a demurrer was sustained to the second count of the petition and overruled as to the first and third counts.

It is quite clear that the court intended to sustain the contention of defendants that the action was against the state as to count 2 of the petition, and enter judgment on the merits as to the first and third counts.

The findings and order of the trial court on the motion for an order nunc pro tunc cannot be sustained in so far as it applies to or modifies the journal entry of judgment in the mandamus action as to the first and third counts of the petition. It is sustained as to the second count.

The order of the trial court is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

OSBORN, C. J., and PHELPS, HURST, and DAVISON, JJ., concur.