GRIFFIN v. JOHNSON et al.

No. 32177.   May 7, 1946.

Rehearing Denied Oct. 8, 1946.

172 P. 2d 967.

Walter Mathews, of Cushing, for plaintiff in error.

Ralph B. Simcoe, of Stillwater, for defendants in error.

BAYLESS, J. This appeal from the district court of Payne county by James M. Griffin involves the correctness of the action of Gretchen P. Johnson et al. obtaining an order nunc pro tunc causing the record in a certain divorce action theretofore tried in that action to be corrected.

The record discloses that some time prior to January 30, 1933, Mamie Griffin instituted an action in the district court of Payne county against James Griffin, her husband, to obtain a divorce. The evidence discloses that many years later, relying upon the assumption that she was given title to certain property in the division of the property rights in the judgment in said divorce action, Mamie Griffin, acting as a single woman, conveyed this property to Gretchen P. Johnson. When Johnson's husband undertook to record the deed he checked the record and discovered that title stood in the name of James M. Griffin. He thereupon checked the files in the divorce action to ascertain the basis for Mamie Griffin's claim of title. In the files of this action in the court clerk's office Johnson and the deputy court clerk discovered a journal entry of judgment purporting to grant Mamie Griffin a divorce and to set aside this real estate as her property in the division of the property rights, but this journal entry was unsigned and unfiled. A search was then made of the minutes of the appearance docket and there was found a minute reading as follows:

"Case No. 11,289. Now on this 30th day of January, 1933, this cause comes on for hearing wherein Mamie Griffin vs. James Griffin. The court grants a decree as per Journal Entry."

Johnson thereupon consulted a lawyer and on his advice took the journal entry of judgment to the attorney who represented James M. Griffin in the divorce action and this attorney placed his signature on the journal entry to O. K. it. The journal entry at that time bore the signature of the attorney who represented Mamie Griffin in the divorce action. Johnson then presented the O.K.'d journal entry to Freeman E. Miller, the former district judge who tried the divorce action, who thereupon signed the journal entry as trial judge.

Gretchen P. Johnson then served notice of the filing and hearing of an application for an order nunc pro tunc correcting the record by entering and filing the journal entry of judgment to evidence the judgment actually rendered by the court. Upon the trial of this matter, over the objection of James M. Griffin, the trial court found that said divorce action" . . . came on for hearing on the 30th day of January,

1933, before the Honorable Freeman E. Miller, the duly elected, qualified and acting district judge of Payne county, Oklahoma, and that after hearing the evidence said judge rendered a judgment and decree which was as follows: " . . . and ordered that the journal entry tendered with the application for order nunc pro tunc be entered" with the same force and effect as if entered on the day said judgment and decree was actually by the court pronounced."

It is first argued that the minute appearing on the appearance docket, above quoted, is not of .itself a sufficient showing that the clerk was directed to enter a decree, so far as to charge the clerk with omission of duty in failing to record the judgment of the court on the journal of the court or to file and record the journal entry of judgment. An examination of the minute as above quoted discloses that it is ambiguous in the sense that it does not indicate in whose favor the judgment was rendered. At the same time this minute is sufficient evidence to put a reasonable person on notice of the fact that the action was tried and a judgment rendered and to justify the court in correcting or completing its record. In addition to introducing evidence of the custom in that jurisdiction of entering minutes at the time of the trial of the general nature and tenor of the minute above quoted, Gretchen P. Johnson introduced the testimony of the attorney for James M. Griffin with respect to what happened in the trial of the case and completely and substantially substantiated the minute above quoted. Taking the above-quoted minute as a premise, and in addition the evidence introduced in support of the application, it is clear that a judgment of divorce was rendered for Mamie Griffin on the date specified and that the journal entry prepared by the plaintiff's attorney and O.K.'d by him, presumably at that time, and later O.K.'d by the attorney for the defendant and signed by the judge who tried the action correctly reflects the judgment of the court at that time. This constitutes a sufficient foundation of fact to justify the granting of the application for an order nunc pro tunc if the law so authorizes.

In the recent case of Hawks v. McCormack, 180 Okla. 569, 71 P. 2d 724, this court explained that the power of trial courts to correct their records so as to make them speak the truth is inherent and independent of statute. We said that the true function of a nunc pro tunc order is to make the record speak the truth relative to the judgment or order. If the clerk or the attorneys in preparing the journal entry, or the court in directing the order entered or in signing the journal entry prepared, makes an error, the function of a nunc pro tunc proceeding is to enable the court to correct the mistake thus made. A reading of the Hawks decision will disclose how well the rule therein laid down fits the situation here. The evidence in this record designed to show that the record had not been completed by the signing and filing of a journal entry of judgment is ample. No one has come forward to show intervening rights that would be affected adversely by the entry of the order nunc pro tunc.

It is true that James M. Griffin contends that the trial court lost jurisdiction of the matter following the trial by reason of the fact that he and his wife were reconciled after the trial of the divorce action and resumed the marital relation and lived together as husband and wife until the death of Mamie Griffin. This issue, as a matter of fact, was tried out contemporaneously with this application in a special action involving the title of the property and was found contrary to Griffin on the facts. We allude to this issue for the purpose of demonstrating that Griffin cannot bring himself within the rule of a third person injuriously affected by the order nunc pro tunc.

The jurisdiction of the district court of Payne county over the parties to the divorce action at the time it was filed, its power to try the action when it was called for trial, and its authority to render a judgment therein on January

30, 1933, were not ousted by the subsequent reconciliation and resumption of the marital relation by the parties, nor was it thereby deprived of power to thereafter correct and complete its record by nunc pro tunc proceedings to make that record speak the truth about what the court did while it had jurisdiction. The district court used the nunc pro tunc order to make its record now truly show what it did then.

The judgment entering the order nunc pro tunc is affirmed.

GIBSON, C.J., HURST, V.C.J., and WELCH, CORN, and DAVISON, JJ., concur. RILEY, J., dissents.