GRIFFIN v. JOHNSON et al.

No. 32178.   May 7, 1946.

Rehearing Denied Oct. 8, 1946.

*172 P. 2d 969.*

Walter Mathews, of Cushing, for plaintiff in error.

Ralph B. Simcoe, of Stillwater, for defendants in error.

BAYLESS, J.   James M. Griffin filed an action in the district court of Payne county against Gretchen P. Johnson et al. in ejectment, and from a judgment, based on the verdict of a jury, in favor of defendants, he appeals.

The basic facts regarding the title are these:   James M. Griffin and Mamie Griffin were husband and wife. May 23, 1928, Griffin obtained title to the land in question through a sheriff's deed.  In 1933, the wife obtained a divorce and was given this property as her share of the settlement of property rights between the parties subject to a lien in favor of the husband.  The issue of fact whether a decree of divorce to that effect was actually granted has been settled adversely to Griffin in our opinion in Griffin v. Johnson, 197 Okla. 547, 172 P. 2d 967.  Twelve days before her death in February, 1944, Mamie Griffin, signing as a widow, deeded this property, subject to a life estate reserved to herself, to Gretchen P. Johnson.  It is admitted there was no consideration for this conveyance other than affection, the services Johnson had rendered and was rendering Mamie Griffin during her illness (which ended in death) and a verbal agreement on Johnson's part to look after Mamie Griffin the remainder of her life. After Mamie Griffin died, James demanded possession, refused to receive payment of the lien, and then instituted the action in ejectment.

It is first urged that error was committed by admitting in evidence the journal entry in the divorce action. This is based on the contention that the nunc pro tunc proceedings were invalid as a matter of law.  Our decision above referred to settles this point.  This then put Johnsons in possession under claim of title by virtue of the deed from Mamie Griffin, who based her claim of title on the divorce decree.

Griffin asserted that Mamie's deed was invalid because she was his wife at the time the deed was executed and delivered, that the property was the family homestead and he did not join in the deed. His position that Mamie was his wife in 1944 is based upon his testimony and the testimony of other witnesses that following the trial of the divorce action in 1933, he and Mamie resumed their marital status and relation, and so continued to the date of her death. Johnson contradicted this by her own testimony and that of others. Griffin did not rely on a ceremonial marriage following the divorce, but on a common law marriage. The testimony of many witnesses on this point is in hopeless conflict. Johnson contended, and there was much effort to prove, that following the divorce Mamie, at the suggestion of the trial judge, allowed Griffin to make his home in a garage apartment or some such accommodation on the rear of the property. Griffin admitted he slept out there some, but minimized the length of time he slept there and explained why he did. He admitted he made his home elsewhere in Cushing at various times between 1933 and 1944, and this tended to support Johnson's evidence that he never lived in Mamie's house during that period. He was working in St. Louis, Mo., when Mamie died, but he testified this was a temporary arrangement for family purposes by agreement between him and Mamie. We have outlined this evidence to the extent above to demonstrate the conflict therein and likewise to show it was a fact question to be submitted to a jury. The jury's verdict against Griffin had the effect of finding (1) the Griffins did not remarry, (2) that Mamie was not the wife of James at her death, and (3) the property was not the family homestead. Under the often stated and well known rule of this court that the verdict of a jury on issues of fact, where the evidence is in conflict, is conclusive and will not be disturbed on appeal, this issue must be regarded as finally settled adversely to Griffin.

Griffin argues in his brief that the judgment of the court is erroneous in denying him equitable relief. It is his contention in this respect that the record of the divorce action, if it is to be regarded as depriving him of title to the property, conclusively shows that he had a lien on this property for $300. He contends that this has not been paid and urges that the court should have required the Johnsons to pay him this money as a condition to rendering judgment against him. In opposition to this Johnson asserts that this was a law action, that no equitable issues were injected into it, and that there was no occasion for the court to undertake to do equity for Griffin. We have examined the record in this case and observe (1) that Griffin's petition is one in ejectment only and tendered no equitable issue; (2) that Johnson's answer meets this issue and tenders no equitable issue; (3) that there is much evidence in the record concerning the lien as originally granted, touching on the point whether Griffin lived in a part of the property a sufficient length of time to satisfy the lien, and evidence on the part of the Johnsons that following the death of Mamie they asked him whether the lien had been satisfied and offered to pay it, to which he replied he was not interested in the lien but claimed title to the property. We observe also that after the jury had retired to consider the case, the jury returned to the courtroom and the foreman asked the trial judge if it was proper if they found for the defendants "to allow any consideration for the plaintiff?" It appears that the trial court consulted with counsel for the parties and added to the instructions previously given an instruction to the effect ". . . you cannot find the general issues in favor of the defendants and make at the same time any award or verdict for the plaintiff. The court refers you again to instruction No. 11." The plaintiff took no exception to the giving of this additional instruction. The jury thereupon returned a verdict in the court in general terms for the

defendants. Under the circumstances, we are of the opinion that the validity of the lien was not tendered by the parties in their pleadings. The question as to plaintiff's right to a lien not being properly presented herein, we decline to pass upon that issue.

The judgment appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and CORN and DAVISON, JJ., concur. RILEY and WELCH, JJ., dissent.