**Foy E. HAWKINS, Plaintiff in Error,**

**v.**

**Marjorie M. HURST, Defendant in Error.**

**No. 42413.**

Supreme Court of Oklahoma.

March 31, 1970.

Schwoerke & Schwoerke, by C. W. Schwoerke, Oklahoma City, for plaintiff in error.

Hamilton & Carson, by Don Hamilton, Oklahoma City, for defendant in error.

LAVENDER, Justice.

This appeal results from the district court's denial of an "Application to Reform Judgment and, in lieu thereof, Petition for Breach of Contract," filed by Foy E. Hawkins (the plaintiff in error herein) in an automobile-collision case in which he and his son, Jerell W. Hawkins (who is not involved in this phase of the case), were the defendants, and Marjorie M. Hurst (the defendant in error herein) was the plaintiff. The judgment mentioned in that instrument was in favor of the plaintiff and against both defendants.

In the journal entry of the order of denial involved herein, the trial court simply found that Foy E. Hawkins' "Application to Reform Judgment and, in lieu thereof, Petition for Breach of Contract," should be denied.

The instrument, which was not verified in any manner, was filed one year, seven months and twenty-four days after the date on which the judgment had been rendered (which was during the third term of the district court following the term in which the judgment was rendered). For some reason not disclosed by the record or briefs herein, the instrument was not presented to the trial court until nine years, eight months and fifteen days after it had been filed by Foy E. Hawkins. No process of any kind was ever issued for, or served upon, the other defendant or the plaintiff. Neither the plaintiff nor Jerell W. Hawkins filed any written motion, demurrer, response or answer in connection with the instrument. Jerell W. Hawkins was not represented by counsel, and apparently did not appear in person, at the hearing on the instrument. The plaintiff did appear at the hearing, in person and by counsel, and contested the granting of any relief under the instrument.

The instrument is bottomed upon an alleged oral agreement entered into, shortly after summons had been served upon both of the defendants, between the plaintiff's then-attorney and the defendants' attorney (who represented Foy E. Hawkins in filing the instrument involved and in presenting it to the court, and testified concerning the facts alleged in the instrument).

For the sake of a better understanding of the nature of the alleged oral agreement,

referred to in defendant's "Application, etc.," we think it well to note the following matters which appear from the judgment roll.

The judgment roll discloses that the unverified petition of the plaintiff, Marjorie M. Hurst, alleged damages to the plaintiff as the direct and proximate result of negligence on the part of the defendant, Jerell W. Hawkins, in the operation of an automobile owned by his father, the defendant, Roy E. Hawkins, and being driven, at the time involved, by the son with the father's permission and as his agent, servant or employee. The specific allegations of negligence are not material herein.

The petition prayed for judgment against both of the defendants, in the principal amount of $30,000.00 for personal injuries, etc., on a first cause of action, and in the principal amount of $544.38 for damage to plaintiff's automobile, on a second cause of action.

The judgment roll also discloses that an unverified answer was filed upon behalf of both defendants, consisting of a general denial (except for admitting that the defendant, Jerell W. Hawkins, was driving the Hawkins automobile at the time of the collision alleged in the petition), coupled with pleas of contributory negligence and unavoidable accident; and that the plaintiff replied by way of a general denial.

The journal entry of the judgment involved herein, which bears the "OK" of the attorneys for both parties, recites that the plaintiff appeared by her attorney (naming him) and the defendants appeared by their attorney (naming him), and that, a jury having been waived by the parties, the court proceeded to hear the evidence of witnesses and argument by counsel, and "finds that the plaintiff has sustained the allegations of her petition and is entitled to judgment accordingly." It orders, adjudges and decrees that the plaintiff, Marjorie M. Hurst, have judgment against the defendants, Jerell W. Hawkins and Foy E. Hawkins, in the principal amount of $4,-999.00 on her first cause of action and in the principal amount of $544.38 on her second cause of action.

The "Application to Reform Judgment and, in lieu thereof, Petition for Breach of Contract," filed by the defendant, Foy E. Hawkins, alleges, in substance and effect, that, after the defendants had been served with summons in the action, their attorney (named therein) and the plaintiff's attorney (named therein, but not the one who represented her at the hearing on this instrument) held a conference, at which the defendants' attorney informed the plaintiff's attorney that, at the time of the collision alleged in the petition, the defendant, Jerell W. Hawkins, was 18 years of age, was possessed of a valid Oklahoma driver's license, and was driving the father's car to school at Edmond, Oklahoma, with the father's permission, but was not acting as the father's agent, servant or employee and was not engaged in any joint adventure with the father. It was also alleged that defendants' attorney told the plaintiff's attorney that the insurance company which carried the liability insurance on the father's car, with the father as the insured, had notified the father that the collision was not covered by their policy and that they would not pay any claim, or defend any action, arising out of such collision, but that the father and the defendants' attorney felt that the insurance company should be made to pay the plaintiff's claim within the limits of such policy.

The instrument then alleges, in substance and effect, that, in order to lay a foundation for a later claim against the father's insurance company, the defendants' attorney agreed, orally (with the plaintiff's attorney), that he would file an answer on behalf of both defendants without pleading the father's "absolute defense," mentioned in their conversation, and would allow an agreed judgment, within the policy limits, to be rendered against both of the defendants, and would stipulate that the written medical reports of a named physician, concerning the plaintiff's injuries and physical condition, could be received as evidence thereof, without any oppor-

tunity to cross-examine the doctor, and would also do everything possible to aid in collecting such judgment from the father's insurance company.

In consideration of these agreements on the part of the defendants' attorney, the instrument alleges, the plaintiff's attorney, as her "agent," agreed that, in the event no money was recovered from the insurance company, he would not proceed further but would release the judgment as against Foy E. Hawkins. However, at the hearing, the defendants' attorney testified that the agreements on his part were made "with the understanding that if we didn't prevail against the insurance company that he would not levy or execute on my client."

The instrument further alleged full compliance with the contract on the part of Mr. Hawkins and his attorney, and, in connection therewith, alleged that, subsequent to the rendition of the judgment in this case, within the limits of Mr. Hawkins' liability insurance policy and in accordance with a journal entry prepared by the two attorneys before trial, Mr. Hawkins and his attorney appeared at the trial of an action in the United States District Court for the Western District of Oklahoma, commenced by the insurance company (prior to rendition of judgment in the original case) for a declaratory judgment against Mr. Hawkins and Mrs. Hurst, that the company was not liable on its policy with respect to the collision involved herein; that Mr. Hawkins produced his insurance policy and his receipts for premiums thereon; that, during a recess in that trial, Mrs. Hurst refused an offer by the insurance company's attorney to settle the matter for $1,500.00; and that the judgment in that case was in favor of the insurance company.

Then, after alleging that the plaintiff had attempted to get Mr. Hawkins discharged from his employment for failure to pay her judgment, the instrument involved herein prays that the court allow Foy E. Hawkins to recover judgment against the plaintiff, Marjorie M. Hurst, in

the principal amount of $4,999.00, for breach of the contract alleged therein, "in the event he cannot reform this judgment to speak the truth and carry out the contract" alleged therein.

▮ Since no process of any kind was ever issued for, or served upon, the plaintiff, Marjorie M. Hurst, in connection with such instrument, and it did not allege that Foy E. Hawkins had been damaged by a breach of the alleged contract or, for that matter, that such contract had been breached by the plaintiff or her attorney, it is clear that the trial court did not err in denying any relief under the "Petition for Breach of Contract" portion of the instrument. We shall, therefore, treat the instrument as an unverified motion to "reform" the judgment described therein.

The motion does not state the "reform" desired by the movant, but, from a consideration of the original pleadings in the case (plaintiff's petition, defendants' answer, and plaintiff's reply) and the allegations of such motion, it appears that he desired to have the judgment reformed by, in effect, vacating the plaintiff's judgment against him, and rendering judgment in his favor as against the plaintiff, and in favor of the plaintiff as against the defendant, Jerell W. Hawkins, only.

▮ Although the plaintiff did not expressly raise the question, we perceive a question as to the jurisdiction and power of the trial court to vacate or modify the judgment in this case upon this motion of Foy E. Hawkins. The question of jurisdiction is primary and fundamental in every case and must be inquired into and answered by this court, as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not [Davis v. Sandlin, Administrator (1964) Okl., 392 P.2d 722].

The judgment described in the motion involved herein is not void on the face of the judgment roll, and the motion does not allege that it is; and, as mentioned above, the motion was not filed during the term of

the district court in which the judgment mentioned therein was rendered.

█ A district court has full control of judgments rendered by it, during the term in which they are rendered, but, after that term has expired, is without jurisdiction to vacate or modify a judgment (which is not void on the face of the judgment roll) unless there is a substantial compliance with the provisions of the statutes which appeared as 12 O.S. 1961, § 1031 and following [Fowler v. Goldfeder (1966), Okl., 418 P.2d 317].

The judgment involved herein was rendered, and the motion attacking it was filed, and acted upon by the trial court, prior to the 1969 amendments of 12 O.S. 1961, §§ 1031 and 1032. Said Section 1031 provided that "The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made," and, in nine subdivisions, prescribed the grounds upon which a district court had power to vacate or modify its own judgments or orders.

█ In the present case, there was no substantial compliance with the provisions of 12 O.S.1961, § 1031 and related statutes (12 O.S.1961, §§ 651, 653, 654, 655, 176, 1032, and 1033), in that the motion did not allege any of the grounds for vacating or modifying judgments or orders, prescribed in the nine subdivisions of said Section 1031, and was not verified as required in connection with some of those grounds, and was not verified and summons served as required in connection with some of the grounds.

█ While, independent of any statutory provision, a court of record has inherent power, by order nunc pro tunc, to correct *the record* of a judgment theretofore rendered by it, in order that such record shall truly reflect the judgment actually rendered, and may do so at a subsequent term of the court [Hawks et al. v. McCormack (1937), 180 Okl. 569, 71 P.2d 724, 725; Stevens Expert Cleaners & Dyers, Inc. v. Stevens (1954), Okl., 267 P.2d 998, 1000], it has no power, by such an order nunc pro tunc, to render another and different judgment [Jones et al. v. Jones (1968), Okl., 442 P.2d 319; Stevens Expert Cleaners & Dyers, Inc. v. Stevens, supra].

█ In spite of the indirect prayer to "reform" the judgment mentioned therein "to speak the truth and carry out the contract" alleged therein, the motion involved herein alleges that the judgment mentioned therein was an agreed, or consent, judgment; that the defendants' attorney assisted the plaintiff's attorney in preparing the journal entry in accordance with the contract alleged in the motion; and that the journal entry reflects a judgment in full accord with such contract. It appears from the motion that the movant, Foy E. Hawkins, wanted the trial court to render an entirely different judgment than the judgment agreed upon by the parties and actually rendered by the trial court at the close of the trial of the case—based upon something that happened subsequent to the rendition of the judgment involved herein. The trial court had no jurisdiction to enter such an order in the present case.

The judgment of the trial court, involved herein, was rendered, and the motion attacking it was filed, and acted upon by the trial court, prior to the effective dates of the 1969 amendments to 12 O.S.1961, §§ 1031 and 1032 as well as the 1969 enactment repealing Title 20 O.S.1961, § 95. We express no view, therefore, with respect to the effect of such legislation.

The trial court did not err in denying Foy E. Hawkins' "Application to Reform Judgment and, in lieu thereof, Petition for Breach of Contract."

That order, and the trial court's order overruling Foy E. Hawkins' motion for a new trial, are affirmed.

BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, and McINERNEY, JJ., concur.

IRWIN, C. J., concurs in result.