**Mary Ann DICKSON, Appellant,**

v.

**Floyd J. DICKSON, Appellee.**

**No. 52840.**

Supreme Court of Oklahoma.

Nov. 17, 1981.

---

**2.** *State ex rel Thompson v. Ekberg*, 613 P.2d 466 (Okl.1980).

Freese, March & Kriegel by John M. Freese, Tulsa, for appellant.

George P. Striplin, Tulsa, for appellee.

SIMMS, Justice:

This cause before the trial court was a contempt proceeding initiated by the former wife to force compliance with her interpretation of the contractual property settlement made at the time of the divorce. It is admitted by the parties that they freely entered into a property settlement contract and a supplemental property settlement contract signed February 11, 1972, the date of the divorce decree.

It is uncontroverted that neither the appellee nor his attorney appeared in court at the time the divorce was granted by the court, and that appellant and her attorney withheld and did not make known to the court an instrument designated as "Supplemental Property Settlement Contract."

The court granted the divorce and the property settlement contract was "approved, adopted and incorporated into and made a part of the Decree." The decree made no mention of the supplemental contract.

Subsequently, when the appellee declined to honor the supplemental contract and differed with appellant as to the terms of the property settlement in the decree, appellant caused the appellee to be cited for contempt.

At the contempt hearing, the trial court considered the terms of the divorce decree, the property settlement contract, and the supplemental property settlement contract; found the appellee not guilty of contempt, but modified the property settlement. Appellant excepted to the judgment of the court and brought this appeal, alleging that the trial court (1) erred in the assessment "based on contract" of the amount recovered by her; and (2) erred in that the decision and judgment were contrary to the law since they were not sustained by sufficient evidence. Essentially, appellant contends that the court retried de novo the property settlement portion of the divorce decree in an attempt "to do equity," thereby ignoring the contractual agreement between the parties and modifying the contract and supplement, to her prejudice.

■■■ The Court of Appeals, Division I, dismissed the appeal on the grounds that the appellant had "accepted the monies ordered paid by the trial court" and was estopped to appeal the judgment because she had accepted a portion of it. That decision, based on *Bras v. Gibson*, Okl., 529 P.2d 982 (1974), was erroneous. The acceptance of a portion of a judgment, when the portion accepted is not to be reviewed and the decision of the appellate court could not affect such portion, does not preclude a party from prosecuting an appeal. *Marshall v. Marshall*, Okl., 364 P.2d 891 (1961).

We grant certiorari and vacate the opinion of the Court of Appeals.

■■■ As noted in the statement of facts, the appellant brought contempt proceedings against the appellee to enforce provisions of both settlement agreements. We note that the supplemental contract was never a part of the divorce decree. Inasmuch as that supplemental contract was but a private agreement, not a part of the decree of the court, it was not a proper subject of the contempt action.[1] One cannot be held in contempt of court for failing to perform a private agreement. See, e.g., *Thomas v. Thomas*, Okl.App., 518 P.2d 1294 (1974). The trial court was without subject matter jurisdiction in the contempt action to consider whether there had been compliance with the supplemental agreement since it was not incorporated in the decree. Therefore, the judgment of the trial court in the contempt proceeding pertaining to the supplemental property settlement contract is void.[2]

---

1. As to modification of settlement agreement not incorporated in decree, see *Sullins v. Sullins*, Okl., 280 P.2d 1009 (1955).

2. It is the duty of this Court to inquire into its own jurisdiction and that of the trial court whether or not the question is raised by the parties. *Hawkins v. Hurst*, Okl., 467 P.2d 159 (1970); and subject matter jurisdiction cannot be conferred by consent, as was attempted here. *Merchants Delivery Service v. Joe Esco Tire Co.*, 497 P.2d 766 (1972).

As to the property settlement contract incorporated into and made a part of the divorce decree, the contract was extinguished when specifically incorporated in the divorce decree, and the court had jurisdiction *to construe* the judgment and decree in the contempt proceedings. *Hicks v. Hicks*, Okl., 417 P.2d 830 (1966). Having jurisdiction only to construe the decree, the trial court erred in modifying its terms. A property settlement agreement incorporated in a decree acquires the dignity of a judgment and may be vacated, set aside, or modified only in compliance with statutes. *Fisher v. Fisher*, Okl., 558 P.2d 391 (1976). *Dickason v. Dickason*, Okl., 607 P.2d 674 (1980).

Appellee's allegation of fraud as a ground for vacation or modification (12 O.S. 1971, § 1031(4)), in reference to the appellant's withholding the supplemental contract from the divorce court comes too late. It is raised for the first time in a response brief on appeal. In the absence of timely appeal, he was limited to statutory proceedings for vacation or modification of a judgment. See, e.g., *Dickason, supra.*

We distinguish this case from *Potter v. Wilson*, Okl., 609 P.2d 1278 (1980), because we are not herein involved with any type of indemnification order but rather with a contractual arrangement to pay monies, incorporated in the divorce decree, for which contempt proceedings will lie. Contempt proceedings may be had to enforce any order of the court incorporated in a decree of divorce for the payment of money, whether the order arose from the agreement between the parties or the court made such order absent the agreement of the parties. See, e.g., *Dickason, supra*, 607 P.2d at 677.

This Court has read the terms of the property settlement contract incorporated in the decree, and does not find them ambiguous. We, therefore, reverse and remand to the trial court with directions to consider the contempt citation in reference to compliance or noncompliance with the divorce decree and the terms of the property settlement as incorporated therein only. The plain terms of the contract, put into effect through the decree, should be enforced with reference to the dates and terms contracted for. Each party is to bear his/her costs and attorney's fees.

Reversed and Remanded for further proceedings not inconsistent with this opinion.

BARNES, V. C. J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

IRWIN, C. J., and HARGRAVE, J., concur in part, dissent in part.