The **FEDERAL NATIONAL BANK AND TRUST COMPANY OF SHAWNEE, OKLAHOMA, a national banking association, Appellee,**

v.

**Roy D. DILLARD, David B. Levy, John Regina, et al., Appellants.**

No. 72256.

Supreme Court of Oklahoma.

May 19, 1992.

John Mantooth, Purcell, for appellants.

James T. Stuart and Helen Speer Chinn, Shawnee, for appellee.

HARGRAVE, Justice.

At a jury trial held in September 1985, the Appellants (hereinafter "Dillard") prevailed and a money judgment was awarded against Appellee (hereinafter "Bank"). On December 3, 1985, a hearing was held before the trial court on Dillard's request for attorneys fees. At the hearing, Dillard was awarded an attorney's fee of $27,-500.00, pursuant to 12 O.S. § 936. Interest on the attorney fee was not awarded. After the attorney fee hearing, Dillard's attorney prepared a Journal Entry that, in addition to memorializing the court's judgment, added a provision for interest on the attorney fee award at the rate of 15% per annum. The trial judge signed the Journal Entry and Bank's attorney approved as to form. Bank then appealed both the jury verdict and the trial court's award of attorney's fee. The provision in the Journal Entry allowing interest on the attorney's fee award was not raised in the appeal. This Court affirmed in July, 1988.

In September, 1988, Bank filed with the trial court an application for order nunc pro tunc to conform the Journal Entry to the truth by deleting the previously inserted provision for interest on the attorney's fee. After a hearing on the application, the trial court sustained the application and entered a nunc pro tunc order dated October 1, 1990 [1] deleting from the Journal Entry that portion which provided for 15% interest on attorney fees. Dillard appealed.

The Court of Appeals reversed, holding that the trial court lacked jurisdiction to amend the Journal Entry after the Supreme Court's mandate had issued in the case. The Court of Appeals believed the error to be "judicial error" that could not be corrected by an order nunc pro tunc. We granted appellee's petition for certiorari and now vacate the opinion of the Court of Appeals and affirm the trial court's nunc pro tunc order.

Prior decisions of this Court illustrate that a nunc pro tunc order correcting the Journal Entry to reflect the judgment *actually rendered* by the court can be made at any time. *Griffin v. Johnson*, 197 Okla. 547, 172 P.2d 967 (1946), *Marker v. Gillam*, 80 Okla. 259, 196 P. 126 (1921), *Courtney v. Barnett*, 65 Okla. 189, 166 P. 207 (1917). In the case at bar the signed Journal Entry did not truthfully reflect the judgment actually rendered by the trial court. The trial judge did not award interest on the attorney fee award. This is not an example of judicial error. Judicial error would exist, for example, where the judge *intended* to render a judgment different from that which he in fact rendered or where the trial judge considered and made an erroneous decision and tried to correct same by order nunc pro tunc. See, for example, *Stevens Expert Cleaners & Dyers v. Stevens*, 267 P.2d 998 (Okla.1954), wherein the trial judge stated that he had not intended to deprive the defendant in that case of the use of his own name showing that he owned the business. In effect, the trial judge in that case realized later that the judgment he rendered was too broad in scope. This Court held that such errors were not appropriately changed by an order nunc pro tunc.

The question is not what judgment in the case would have been proper, but what judgment the trial court actually rendered. *Fowler v. Zimmerman*, 383 P.2d 682 (Okla.1963). In *Hawks v. McCormack*, 180 Okla. 569, 71 P.2d 724, 725 (1931), we said:

"But the true function of a nunc pro tunc order is to make the record speak the

---

1. The hearing on the application for order nunc pro tunc was held October 11, 1988. The court minute reciting entry of the nunc pro tunc order is dated November 17, 1988. The typewritten order nunc pro tunc signed by the trial judge, after Court of Appeals order to include same in the record, is dated October 1, 1990.

truth relative to the judgment or order. This is to make the record reflect the true judgment or order intended by the court at the time the original judgment or order was entered. If the clerk makes a mistake or incorrectly enters a judgment or order, the same may be corrected by an order nunc pro tunc. If the court itself by inadvertence uses language in the journal entry which does not reflect the true judgment or order intended, an order may be made nunc pro tunc correcting same. This power is inherent in courts of record and exists independent of any statutory provision."

The *Hawks* court further stated:

"A trial court cannot be expected to read and scrutinize journal entries of judgment presented to it but must rely upon counsel submitting correct judgments within and in conformity to the issues."

In *Marker v. Gillam, supra,* plaintiff sued a defendant who died during the proceedings and the administrator of his estate was substituted as party defendant. After trial, jury returned verdict for plaintiff for $1,195.79. The administrator appealed and the judgment was modified and affirmed. After mandate was returned to the trial court, plaintiff filed application for order nunc pro tunc to have the journal entry correctly reflect that the judgment was against the *administrator* rather than against the decedent, as was recited in the journal entry. The trial judge entered a nunc pro tunc order correcting the journal entry and entering judgment against the administrator of the estate. The administrator appealed, alleging that the nunc pro tunc order attempted to change the judgment.

On appeal the Court noted that the original appeal did not involve any contention that the judgment was not against the administrator, but rather sought reversal of a judgment entered against the administrator. The Court said that brought the case squarely within the rule that:

"A district court has power to correct a journal entry of judgment to conform to the judgment originally rendered, even after the same, manifested by certified copy of such erroneous entry, has been affirmed by the Supreme Court, where the whole record shows that, by reason of clerical mistakes, such entry is erroneous; that attention was not called to such errors on review and that the judgment of affirmance was in no way based on such errors. The correction of such a journal entry under such circumstances is not the rendition of a new judgment, nor the changing of a judgment that has been affirmed by the Supreme Court."

The judgment rendered by the trial court in the case at bar was the jury verdict and an award of attorney fees. The trial court did not award interest on the attorneys fee. The "award" of interest on attorneys fee was inserted in the Journal Entry by Dillard's counsel. This inserted award was properly corrected by an order nunc pro tunc to reflect the judgment actually rendered by the court. The cases make clear that an order nunc pro tunc is the proper vehicle for correcting clerical mistakes and omissions. In the case at bar, we are dealing not with an omission, but with an insertion made by Dillard's attorney. The same rationale should apply to delete an improper insertion of a provision not ruled on by the trial court.

Although Dillard argues extensively about trial court's loss of jurisdiction after mandate, about what the Supreme Court must have considered in the prior appeal, and about his entitlement to interest, the only question is whether the judgment set out in the Journal Entry prepared by Dillard's attorney is the judgment rendered by the court. It is not; thus it can be corrected by order nunc pro tunc.

CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE TRIAL COURT'S NUNC PRO TUNC ORDER IS AFFIRMED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.