2002 OK 1

**CITY OF LAWTON, a municipal corporation, Plaintiff/Appellant,**

v.

**INTERNATIONAL UNION OF POLICE ASSOCIATIONS, LOCAL 24, Bargaining Agent, and Damion Sean Hart, Defendants/Appellees.**

No. 95,122.

Supreme Court of Oklahoma.

Jan. 8, 2002.

Frank V. Jensen, Lawton, Oklahoma, for Appellant.

James R. Moore, Douglas D. Vernier, James Moore and Associates, P.C., Oklahoma City, Oklahoma, for Appellees.

OPALA, J.

¶ 1 The dispositive issue on certiorari is whether the Court of Civil Appeals erred in not dismissing the appeal for lack of jurisdiction? We answer in the affirmative.

## I

## THE ANATOMY OF LITIGATION

¶ 2 The City of Lawton [City] terminated the employment of Damion Hart [Hart], a police officer. He challenged the discharge by filing a grievance with the City. Upon its denial he demanded grievance arbitration asserted as authorized by a collective bargaining agreement[1] between the City and the International Union of Police Associations, Local 24 [IUPA] (Hart's bargaining agent). Hart obtained an "arbitration award"[2] [award], which restored him to his former position with some backpay allowance. The City brought a district court suit to vacate

the arbitration decision.[3] Hart and IUPA counterclaimed for judicial confirmation and enforcement. Both parties moved for summary judgment. Hart requested "partial summary adjudication" of the tendered issues, which would withhold from disposition only his claim to *backpay, attorney's fee* and *interest.* The City moved for the arbitration decision's vacation. The **trial court's 24 July 2000 order** here on review (a) *denied* the City's quest to vacate the arbitration decision, (b) *determined* the decision to be eligible for confirmation and enforcement, (c) *decided most of the counterclaim issues by granting summary relief to the defendant,* (d) *directed* the parties to pay their own fees and costs, and (e) *"reserved* for later hearing, if necessary," the amount of compensation due Hart on his counterclaim for confirmation.[4] The City then secured a trial court's certification of the July 24 order[5] for submission of the case to this court as a *petition for certiorari to review a certified interlocutory order.*[6] Twenty-five days later, the City brought here *an appeal* (instead of a petition for certiorari to review that order), which it sought to prosecute by the accelerated-track method (designed for review of summary judgments).[7]

---

1. The Fire and Police Arbitration Act, 11 O.S. 1991 § 51–101 *et seq.,* governs collective bargaining and arbitration between police officers and municipalities.

2. This "arbitration award" is, in effect, a *decision for reinstatement* with limited backpay. It incorporates by reference an earlier arbitration's disposition that found the grievance arbitrable.

3. See the terms of 15 O.S.1991 § 812, which authorize judicial vacation of an unconfirmed arbitration decision. The City's claim is *essentially* one *to declare the reinstatement award legally unsupported and hence unfit for judicial confirmation.* It is in the nature of an ancient bill *quia timet.* The Latin phrase *quia timet* means "because he fears." BLACK'S LAW DICTIONARY 1260 (7th ed.1999). A bill *quia timet* was one in equity to protect a party against the occurrence of some future injury which he fears he may suffer, and which he cannot avoid by an action at law. Mann & Jennings, *Quia Timet: A Remedy for the Fearful Surety,* 20 Forum 685, 686 (1985); *New Orleans v. Christmas,* 131 U.S. 191, 212, 9 S.Ct. 745, 752, 33 L.Ed. 99 (1889); *Di Giovanni v. Camden Fire Ins. Ass'n,* 296 U.S. 64, 68, 56 S.Ct. 1, 3, 80 L.Ed. 47 (1935); 4 Pomeroy's A TREATISE ON EQUITY JURISPRUDENCE §§ 1393–94, at 1021–22 (5th ed.1941); 2 Joseph Story, COMMENTARIES ON EQUITY JURISPRUDENCE § 1142

(14th ed.1918). *Quia timet* was known as a *preventive remedy.* It has been described as analogous to a modern declaratory judgment action. *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 300, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407 (1943). **Here, because the City fears that the terminated employee might invoke his rights under the reinstatement award, it seeks to declare it ineffective.**

4. The July 24 order states in pertinent part:

 Any issues as to calculation of the backpay award should be reserved for later hearing, if necessary.

5. The pertinent text of the July 24 order is:

 *To the extent* this Journal Entry of Judgment is not considered a final judgment, *it is hereby certified* that an immediate appeal, if so desired by either party, will materially advance the ultimate termination of this litigation.
 (emphasis supplied).

6. 12 O.S.1991 § 952(b)(3); for the Supreme Court rules governing petitions for certiorari to review certified interlocutory orders, see Rules 1.40, 1.50–1.56, Oklahoma Supreme Court Rules, 12 O.S.Supp.1997, App. 1.

¶ 3 The Court of Civil Appeals [COCA] affirmed the July 24 order. Because the nisi prius order on review does not resolve the backpay compensation issue, we granted certiorari (on 10 October 2001) to examine into the COCA's subject-matter jurisdiction as well as into our own. Attached to and tendered with the City's supplemental brief on certiorari is a copy of the parties' stipulation (dated 30 October 2001 when this case stood pending on certiorari review) as to the amount of compensation (including interest) due Hart (for the period of 8 September 1996 through 23 December 2001).[8]

## II

### THE JULY 24 ORDER DOES NOT QUALIFY AS AN APPEALABLE DISPOSITION

¶ 4 Although the City's petition in error *states* that the appeal is from *summary judgment* that disposed of *all claims* by the parties, it also *notes* that "any issues as to the calculation of the backpay award" stood undecided and *their resolution postponed* "for later hearing, if necessary." According to the petition in error, the parties anticipate filing at nisi prius a stipulation on the amount of the compensation due Hart.

 ¶ 5 This appeal is prosecuted from an unappealable order that stops short of rendering judgment. To serve as a judgment, the adjudication here on review would have been required to determine *all the issues* tendered by the *counterclaim* for confirmation of the arbitration decision.[9] A decision disposing of the principal claim but leaving a *related counterclaim* unresolved is not appealable as final.[10] The order sought to be reviewed does not hence rise to the status of a judgment in the 12 O.S.1991 § 681[11] sense.[12] Nay, the July 24 journal entry establishes facially that no judgment was entered.[13] *This is so because it fails to adjudicate the exact amount of compensation and interest, if any, due the defendant.* The City's appeal is from nothing more than a set of some summarily resolved issues anterior to a judgment. In other words, it is prosecuted from an intermediate order in the case.[14]

## III

### THE JURISDICTIONAL FLAW CANNOT BE CURED (AND THE APPEAL SAVED FROM DISMISSAL) BY AN IMPERMISSIBLE POSTAPPEAL NISI PRIUS STIPULATION TENDERED ON CERTIORARI

 ¶ 6 The City has attempted to cure the jurisdictional flaw by attaching to its certiorari brief a copy of a postappeal stipulation filed in the trial court. The parties

7. For the accelerated-track procedure that regulates appeals from dismissals and summary judgments, see Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.Supp.1997, Ch. 15, App. 1.

8. The stipulation was filed at nisi prius the same day as the City's certiorari brief was submitted to this court (30 October 2001), *some fourteen months after the appeal's commencement.*

9. *King v. Finnell,* 1979 OK 155, 603 P.2d 754, 756 (in a mortgage foreclosure suit the order tendered for review was held to fall short of a judgment because not all of the issues on the merits stood resolved (liability was adjudged but damages were left unascertained)).

10. *Liberty Bank and Trust Co. v. Rogalin,* 1996 OK 10, 912 P.2d 836, 838; *DeLuca v. Mountain States Financial Resources Corp.,* 1992 OK 30, 827 P.2d 171; *Federal Deposit Ins. Corp. v. Tidwell,* 1991 OK 119, 820 P.2d 1338, 1341.

11. The terms of 12 O.S.1991 § 681 provide that "[a] judgment is the final determination of the rights of the parties in an action."

12. *Reams v. Tulsa Cable Television, Inc.,* 1979 OK 171, 604 P.2d 373, 376–77; *Rogalin, supra* note 10 at 838–39; *Tidwell, supra* note 10 at 1343; *King, supra* note 9 at 756; *Green v. Mee,* 1945 OK 219, 173 P.2d 217, 221.

13. *Carr v. Braswell,* 1989 OK 52, 772 P.2d 915, 918 (Opala, J., concurring); *Depuy v. Hoeme,* 1989 OK 42, 775 P.2d 1339, 1343; *Johnson v. Johnson,* 1983 OK 117, 674 P.2d 539, 542–43.

14. Intermediate orders are those non-final orders made in the course of an action (or proceeding) which remain under the plenary control of the trial judge and are hence not binding on the trial court until the controversy has culminated in judgment. *Lincoln Bank and Trust v. Tax Com'n,* 1992 OK 22, 827 P.2d 1314, 1317 n. 12; *Reams, supra* note 12 at 376.

inform us that by this stipulation there are no longer any disputed issues left to be decided and that no other nisi prius hearings will be necessary. The City's mid-certiorari attempt to cure the jurisdictional flaw by its effort to diminute, in this fashion, the record for appeal comes too late.

¶ 7 The supplementation sought to be made is *unauthorized.* This is so because the material had neither been tendered to the trial court during the pre-order stages nor had been acted upon when the decision on review was made.[15] An appellate court is confined to that record which was before the nisi prius court *at the time of its decision on review.* The content of the record for appeal cannot be supplemented by attaching to the briefs *a postappeal stipulation.*[16]

## A.

### *The July 24 Order Cannot Be Reached For Nunc Pro Tunc Correction*

¶ 8 The jurisdictional defect that taints this appeal cannot be cured by a nunc pro tunc correction. Orders nunc pro tunc are designed *neither* to bring into the record

what a court *might* or *should have done* nor what it *might or should have intended to do.* The function of a nunc pro tunc entry is to amend a judgment in order to make it speak the truth about what *actually transpired* or was considered and adjudged.[17] Nunc pro tunc relief stands limited to supplying inadvertent clerical omissions and to correcting facial mistakes in recording judicial acts that actually took place.[18] *In short, a nunc pro tunc order can and will place of record what was actually decided by the court but was incorrectly recorded.* The device may neither be utilized as a vehicle for the trial court's review of its judgment (to excise legal errors found in it) nor as a means of securing a different judgment.[19]

## B.

### *The Postappeal Stipulation is Coram Non Judice*[20]

¶ 9 Pending an appeal or certiorari the nisi prius court is without jurisdiction over any issue pending on review. Its action upon these matters is *coram non judi-*

15. Neither this court nor the Court of Civil Appeals may consider as part of an appellate record any instrument or material which has not been incorporated into the assembled record by a certificate of the clerk of the trial court. *Frey v. Independence Fire and Cas. Co.,* 1985 OK 25, ¶ 7, 698 P.2d 17, 20; *Eckel v. Adair,* 1984 OK 86, ¶ 9, 698 P.2d 921, 925.

16. A deficient record may not be supplemented by material physically attached to a party's appellate brief. Rule 1.28(b), Oklahoma Supreme Court Rules, 2001 O.S., App. 1. Its pertinent terms are:
... Materials which were not before the trial court at the time of the decision appealed *are not properly part of the record on appeal without order of the trial court or the appellate court* ....
(emphasis supplied).
*U.S. Through Farmers Home Admin. v. Hobbs,* 1996 OK 77, ¶ 5, 921 P.2d 338, 341–42; *Dyke v. Saint Francis Hosp., Inc.,* 1993 OK 114, ¶ 11, 861 P.2d 295, 299–300; *Chamberlin v. Chamberlin,* 1986 OK 30, ¶ 4, 720 P.2d 721, 723; *Eckel, supra* note 15 at ¶ 9, 925; *In Re Hess' Estate,* 1962 OK 74, 379 P.2d 851, 859.

17. *Stork v. Stork,* 1995 OK 61, 898 P.2d 732, 736–37; *Federal Nat. Bank & Trust Co. v. Dillard,* 1992 OK 69, 830 P.2d 1374, 1375 *quoting Hawks v. McCormack,* 1937 OK 494, 71 P.2d 724, 725;

*Hadnot v. Shaw,* 1992 OK 21, 826 P.2d 978, 982 n. 11; *Glasgow v. Fox,* 1988 OK 71, 757 P.2d 836, 838; *Chandler v. Denton,* 1987 OK 109, ¶ 8, 747 P.2d 938, 941; *Hair v. Oklahoma Corp. Com'n,* 1987 OK 50, 740 P.2d 134, 141; *Application of Okla. Nat. Gas Co.,* 1985 OK 67, 715 P.2d 477, 478; *McCullough v. Safeway Stores, Inc.,* 1981 OK 38, 626 P.2d 1332, 1334; *Dickason v. Dickason,* 1980 OK 24, 607 P.2d 674, 676–677.

18. A facial miscalculation, among others, is that which appears from the four corners of the decision. *Ferguson v. Ferguson Motor Company,* 1988 OK 137, 766 P.2d 335, 337 n. 5; *Chandler, supra* note 17 at 941; *Application of Okla. Nat. Gas Co., supra* note 17 at 478; *Dickason, supra* note 17 at 676–77.

19. *Chandler, supra* note 17 at 941; *Application of Okla. Nat. Gas Co., supra* note 17 at 478.

20. A case is said to be *coram non judice* when the court in which it is brought has no jurisdiction to settle the dispute. *Goldman v. Goldman,* 1994 OK 111, 883 P.2d 164, 166; *Board of Law Library Trustees v. State,* 1991 OK 122, 825 P.2d 1285, 1291; *Spain v. Kernell,* 1983 OK 105, 672 P.2d 1162, 1164–65; *Bryan v. Seiffert,* 1939 OK 315, 94 P.2d 526, 531–32 (the court's syllabus ¶ 6); BLACK'S LAW DICTIONARY at 305 (5th ed.1979).

ce.[21] A nisi prius stipulation, **which invites approving judicial action to be effected by the trial court while the issues in controversy remain pending for review in an appellate court, is hence void on the face of the nisi prius record if its submission occurs before mandate has been transmitted to revest the trial court with subject-matter jurisdiction of the suit.**[22]

¶ 10 The parties *in essence* would have this court overlook its lack of jurisdiction over the appealed case because they *now appear to agree that the appeal should not be dismissed.* Jurisdiction cannot be conferred by consent or agreement of the parties or even by one's failure to complain.[23] It is every court's duty to inquire *sua sponte* into its own cognizance and into that of the tribunal whence the cause came.[24] Jurisdictional inquiries into appellate or certiorari cognizance may be considered at any stage of the proceedings.[25]

## IV

### THE CITY'S MID-CERTIORARI ATTEMPT TO CURE THE JURISDICTIONAL ERROR BY HAVING ITS APPEAL RECAST AS A PETITION FOR CERTIORARI TO REVIEW A CERTIFIED INTERLOCUTORY ORDER COMES TOO LATE

¶ 11 In the event the order is held not to have been appealable, the City requests that the court do not dismiss its flawed appeal but rather recast it as a certiorari proceeding to review a certified interlocutory order.

¶ 12 The City *originally* secured a "conditional" certification of the July 24 order that was tendered here for corrective relief. The last sentence of that order clearly expresses doubt about the decision's appealable quality.[26] The text of the order states that "[t]o *the extent this Journal Entry of Judgment is not considered a final judgment,* it is hereby certified that an immediate appeal, if so desired by either party, will materially advance the ultimate termination of this litigation." (emphasis supplied). The certification was intended to make the July 24 ruling legally fit for prejudgment certiorari review authorized by the terms of 12 O.S.1991 § 952(3)(b).[27]

¶ 13 Counsel for the City abandoned the course prescribed in the certificate and instead represented to this court that the City's quest for corrective relief is an appeal from judgment *even though* counsel knew that not all the issues in Hart's counterclaim had yet been decided. In its strategy here the City doubtless saved for itself an alternative choice. In the event the July 24 disposition was determined to be unappealable, it would *then* rely upon the previously obscured nisi prius certification. In other words, the City attempts to cover both bases should jurisdiction become an impediment. *The City's plan is critically flawed and must fail.*

¶ 14 Had the City correctly designated its petition as one for certiorari to review a certified interlocutory order (rather than as

---

21. For the definition of *coram non judice,* see *supra* note 20.

22. *Goldman, supra* note 20 at 166.

23. *Dickson v. Dickson,* 1981 OK 142, 637 P.2d 110, 112; *Merchants Delivery Service v. Joe Esco Tire Co.,* 1972 OK 82, 497 P.2d 766, 767; *Bryan, supra* note 20 at 531–32.

24. *Lincoln Bank and Trust v. Tax Com'n,* 1992 OK 22, 827 P.2d 1314, 1318 n. 14; *Cate v. Archon,* 1985 OK 15, 695 P.2d 1352, 1356 n. 12; *Spain, supra* note 20 at 1164–65; *Bryan, supra* note 20 at 531–32.

25. *Lincoln Bank, supra* note 24 at 1318; *Cate, supra* note 24 at 1356; *Spain, supra* note 20 at 1164–65. It is not too late to dismiss, for lack of jurisdiction, an appeal that is pending on certiorari. *Stites v. DUIT Const. Co., Inc.,* 1995 OK 69, 903 P.2d 293, 296.

26. For the pertinent text of the July 24 order, see *supra* note 5.

27. A proceeding to review a certified interlocutory order must meet the strictures of 12 O.S. 1991 § 952(b)(3) and the standards imposed by Oklahoma Supreme Court Rules 1.50–1.56.4, *supra* note 6. The provisions of § 952(b)(3) plainly require that the interlocutory order certified for our review affect a substantial part of the merits of the controversy. *Roark v. Shelter Mutual Ins. Co.,* 1986 OK 82, 731 P.2d 389, 390 (Opala, J., concurring); *White v. Wensauer,* 1985 OK 26, 702 P.2d 15, 16.

an appeal), its review quest would have been reached for *immediate* consideration on whether its certiorari petition should be granted. If certiorari had been granted, the case would have been retained for this court's disposition. Because the petition in error *adroitly masked* that the July 24 disposition had been certified as an interlocutory order and that there is (or may be) a jurisdictional defect in presenting the case as an appeal, the paperwork was treated (by this court and by the Court of Civil Appeals) as an appeal from "summary judgment."

¶ 15 The City now calls for recasting of the ill-fated appeal into a petition for certiorari. It urges that at this stage of the proceedings the court should not elevate form over substance and instead recast rather than dismiss this appeal. We hold that the City's *mid-certiorari revelation* of the true nature of the July 24 disposition comes much too late for relief by prejudgment certiorari review. That choice should have been offered this court *when the case was initially filed* rather than when the court's jurisdiction now *stands confined to postappeal certiorari review* of the COCA opinion. *At this certiorari stage, the court no longer enjoys the same range of discretion in choosing among competing alternatives which would have been affordable when the case originally came for consideration.*

¶ 16 Because the July 24 order is neither an appealable decision nor was brought here for *prejudgment review by a petition for certiorari* to review a certified interlocutory order, the City's appeal must fail.

## V

### SUMMARY

¶ 17 This appeal is prosecuted from an unappealable order that fails to adjudicate all the issues tendered below. At this stage of the case the jurisdictional flaw cannot be cured by a nunc pro tunc correction of the record. Neither can the appeal be recast into a petition for certiorari to review a certified interlocutory order. *This court's jurisdiction must now stand limited to certiorari review of the COCA opinion.* Any postap-

peal nisi prius action in the case, called for by the parties' tendered stipulation, would be *coram non judice.* It is simply too late for the City to cure the jurisdictional flaw and to prevent the appeal's dismissal.

¶ 18 On certiorari granted upon the City's petition, the Court of Civil Appeals' opinion is vacated; the appeal is dismissed for want of jurisdiction and the cause remanded for further proceedings to go forward without prejudice to a timely postjudgment appellate review.

¶ 19 HARGRAVE, C.J., WATT, V.C.J., and HODGES, LAVENDER, KAUGER, BOUDREAU and WINCHESTER, JJ., concur;

¶ 20 SUMMERS, J., concurs in part and dissents in part.